Arthur G. POPP and Dorothe H. Popp,
Plaintiffs-Appellants,

v.

Frederic C. EBERLEIN et al.,
Defendants-Appellees.

No. 16930.

United States Court of Appeals
Seventh Circuit.

April 10, 1969.

Rehearing Denied May 5, 1969.

Charles P. Reiter, Milwaukee, Wis., for appellants.

Marvin E. Klitsner, Milwaukee, Wis., Crombie J. D. Garrett, Kenneth L. Gross, U. S. Department of Justice, Washington, D. C., Richard M. Roberts, Acting Asst. Atty. Gen., Lee A. Jackson, Atty., Department of Justice, Washington, D. C., James B. Brennan, U. S. Atty., of counsel, for appellees.

Before CASTLE, Chief Judge, and SWYGERT and FAIRCHILD, Circuit Judges.

FAIRCHILD, Circuit Judge.

Mr. and Mrs. Popp brought this action against five individuals, a corporation, and the United States.[1]

---

1. The district director of the internal revenue service was also named, but the action was dismissed as to him. No complaint is made on that score.

The Popps sought judgment on their first count setting aside distraint tax sales of six parcels of their real estate conducted by the internal revenue service under 26 U.S.C. § 6335. All the parcels are in Shawano county. The sale of five parcels, one each to defendants Elizabeth Eberlein, Clarence Bleser, and Doris Kontominas, and two parcels to defendant Dallman Agency, Inc., occurred January 8, 1958. It is alleged that defendant Frederic C. Eberlein conspired with other defendants to defraud the Popps; that in furtherance of the conspiracy he made false statements disparaging title to those assembled at the sale; that as a result bidding was discouraged and defendants bought the parcels at unconscionably low prices. The sixth parcel was sold October 14, 1959 to defendant Roy Dallman. It is alleged that "as a direct result of the earlier conduct" of defendant Frederic C. Eberlein and other defendants, there was little bidding at the sale, and Dallman bought a parcel worth $150,000 for $10,000.

In a second count, the Popps, on the same facts, sought judgment against defendants other than the United States for loss of rents and profits.

The district court concluded it had jurisdiction of the first count but not the second, and dismissed the latter. It gave judgment in favor of defendants, on the basis of collateral estoppel against the Popps by earlier judgments in another court. The Popps have appealed.

In 1959, Elizabeth Eberlein, Bleser, and Dallman Agency, Inc. each brought an action in the circuit court for Shawano county, Wisconsin, seeking to quiet title to the land each had purchased. The Popps were defendants in each action. They were not represented by counsel. They served an "answer and cross complaint" on the plaintiff in each action, but seem not to have served it on co-defendants. In each they alleged, in substance, the same facts and resulting invalidity of the distraint tax sales as now alleged in this action.[2]

The three state court actions were tried together before the Honorable Henry A. Detling, Reserve Circuit Judge. Judge Detling found that the allegations of the Popps "contained in their answer and cross-complaint are not proven." Judgments were entered on various dates in July, 1960, quieting title in each plaintiff and decreeing that the Popps and other defendants "forever be barred". No appeal was taken. The present action was begun November 14, 1961.

Defendants in the instant case moved for summary judgment based on the collateral estoppel defense. Mr. Popp filed an affidavit that Judge Detling had prevented the Popps from offering proof of their allegations concerning invalidity of the sales, saying the state court had no jurisdiction. Judge Tehan concluded there was an issue of fact whether these allegations had been disposed of on their merits, denied summary judgment, and held a trial limited to the collateral estoppel defense.

The reporter at the state court trial had never been asked to prepare a transcript, and had misplaced her notes. At the trial before Judge Tehan, the Popps testified, as well as the clerk of the state court, the reporter, attorneys who had represented other parties at the trial, and an internal revenue agent who had attended the trial under subpoena by plaintiffs, but had not been called to testify. Judge Detling, had died. The state court files, including the briefs submitted to Judge Detling, are in the record.

Judge Tehan found that the Popps had been given a full and fair opportunity to present their claims in the state court trial; that Mr. Popp had taken the stand; that Judge Detling had inquired of him as to any testimony he might give and had stated that he or Mrs. Popp (who was present) or someone else with

<hr/>

2. We think that these allegations must be treated as a statement of a defense to the quiet title action. It is immaterial for present purposes that the pleading also sought relief against co-defendants as a cross complaint and that service on them was not accomplished.

knowledge of the facts would have to give testimony or other evidence in support of their claims; that he offered the Popps further opportunity to give testimony or call witnesses, but they failed to do so; and that the state court found against them on their affirmative defense because of failure of proof.

■ We find ample support in the record for these findings. They can not be deemed clearly erroneous. It is true that some of the defendants in the instant action, who are seeking the benefit of the state court adjudication, were not parties in state court and would not have been bound by an adjudication favorable to the Popps. Judge Tehan noted the trend away from the requirement of mutuality.[3]

The Popps, against whom the same issue was decided on the merits in the state court actions, are, of course, the parties against whom the defense of collateral estoppel is being asserted in the instant action. Bernhard. v. Bank of America Nat. Trust & Sav. Assn. (1942), 19 Cal.2d 807, 122 P.2d 892, 895, would require no more.

Three of the defendants, Mrs. Eberlein, Bleser, and Dallman Agency, Inc., were plaintiffs in state court, and would be entitled to plead collateral estoppel as to their properties even if mutuality were strictly required.

There are four other defendants: (1) *Frederic Eberlein.* He is the husband of Elizabeth Eberlein, is alleged by the Popps to have been the successful bidder for the parcel conveyed to his wife, and to have directed the conveyance to her. He was one of her attorneys of record in the state court action. He was the individual whose alleged conduct is the basis of Popps' claim. Although joined as a defendant by the Popps in the instant action, he is not a necessary party with respect to the first count. (2) *Roy Dallman.* He is president of defend-

ant Dallman Agency, Inc. The complaint alleged that he was the successful bidder for the parcels conveyed to the corporation and directed the conveyance. Although the sale to him as an individual took place shortly after the state court trial, the only basis on which the sale to him is claimed to have been invalid is the conduct of Eberlein involved in the other sales. (3) *Doris Kontominas.* She bought a parcel at the earlier sale, and the issue as to it is identical to the issue decided by the state court. She happened to be a party to the state court actions, although by reason of ownership of a small judgment against Arthur Popp. (4) *The United States.* Prima facie its interest was allied to those of the purchasers. Although it could have had an interest in avoiding the sales if it had in fact received unconscionably low prices (its lien being far in excess of the amount received), the United States aligns itself with the other defendants on the merits. We find no reason of policy or otherwise which would make it unwise or unfair to give to all the defendants the benefit of the adjudication in the earlier actions.[4]

■■ The Popps argue that the state court had no jurisdiction to decide whether the federal tax sales were or were not valid and effective with respect to the defects asserted by the Popps. We disagree. The state court was bound to apply federal law in deciding the dispute.[5] There is no federal statute which excludes state courts from jurisdiction over such disputes. Controversies over title to land within a state are particularly appropriate for determination by the courts of that state. We find nothing anywhere to imply that state courts lack power to decide such questions in a quiet title action on the ground that the conveyances were governed by federal law and were an exercise of federal power.

3. Gorski v. Commercial Insurance Co. of Newark, N.J. (E.D.Wis., 1962), 206 F. Supp. 11; Presser v. United States (E.D. Wis., 1963), 218 F.Supp. 108.

4. See McCourt v. Algiers (1958), 4 Wis. 2d 607, 612, 91 N.W.2d 194.

5. Article VI, U.S.Const.

■ At the outset, in district court, defendants raised the difficult question whether the district court has jurisdiction even of the first count, in which the Popps seek to set aside the tax sales. Defendants prevailed on the merits and have not argued this jurisdictional question on appeal.[6] If we were satisfied that the district court lacked jurisdiction, it would be our duty to dismiss the appeal or modify the judgment to show dismissal for lack of jurisdiction.

28 U.S.C. § 1340 confers jurisdiction over any civil action arising under the internal revenue laws. 26 U.S.C. § 6331 authorizes seizure and sale of property of one who is liable for a tax and refuses to pay. § 6335 prescribes the procedure for sale, and requires notice and public sale, among other steps.

The owner of the property has an interest in a full and fair price being obtained, whether the tax for which he is liable exceeds its value or not, and circumstances may arguably render the right of redemption under § 6337 an inadequate remedy. If bidding was discouraged by false announcements, as here alleged, so that the property was sold at unconscionably low prices, that interest of the owner was frustrated. The requirement of public sale was, arguably, intended to protect such interest as well as interests of the public and the government. It is arguable that the statutory requirement of a public sale, properly construed, was not fulfilled if the sale was accompanied by false announcements by which bidders were discouraged. Thus the instant action is brought to vindicate a right created by a federal revenue statute, calls for construction of such statute, and is an action arising under it. So runs the theory upon which the district court sustained jurisdiction.

The court concluded that 28 U.S.C. § 2410 granted consent to suit against the United States, on the theory that the action was in the nature of an action to quiet title.

■ Although beset by serious doubt, we agree that the district court had jurisdiction of the first count.

On appeal the Popps argue that the district court should have entertained the second count, seeking money damages, on a theory of pendent jurisdiction. In view of our conclusion on the merits, it is unnecessary to deal with this point.

The judgment is affirmed.

---

6. The United States also contended before the district court that it had not consented to suit. It has not argued the question here.