**LITTLE RIVER FARMS, INC., a Georgia corporation et al.**

v.

**UNITED STATES of America et al.**

**Civ. A. No. 13837.**

United States District Court,
N. D. Georgia,
Atlanta Division.

June 29, 1971.

---

Jones & Somers, Lipshutz, Macey, Zusmann & Sikes, Atlanta, Ga., for Pepsi-Cola Beverage Corp.

Zachry, Dean & Setliff, Atlanta, Ga., for Harold J. Bowman and Charles Green.

John W. Stokes, Jr., U. S. Atty., Julian M. Longley, Jr., Asst. U. S. Atty., Atlanta, Ga., for the United States.

### ORDER

O'KELLEY, District Judge.

These are motions (1) by the United States to be dismissed as a party defendant and (2) by the Intervenor for summary judgment against the United States.

These motions were filed in a case wherein the personalty of plaintiff Little River Farms, Inc. was advertised and sold, after levy, according to statute, for payment of back income taxes. Plaintiff Holloway simultaneously filed an amendment to the Complaint alleging that he had an interest in the goods seized and sold by virtue of a chattel mortgage.

The Complaint alleges that the property was sold contrary to Title 26, U.S.C., § 6335 in that the Internal Revenue Officer stated that $75,000 would be the minimum price the U.S. Government would accept at the sale and that the government advertised that the terms of payment would be deferred, but with 20 percent down at the time of sale, balance within thirty (30) days.

Plaintiff alleged jurisdiction under 28 U.S.C. §§ 1356, 1357, 1346(e), 1346(a) (1).

The Intervenor, Pepsi-Cola Beverage Corporation of Atlanta on June 15, 1970, moved to be allowed to intervene to assert a claim against the property or funds involved herein. An Order granting intervention was entered September 29, 1970.

Defendant United States on August 19, 1970, moved that it be dismissed as a party on the grounds that (1) the United States had not consented to be sued, viz., that it had not waived its sovereign immunity and (2) the Complaint did not state a claim upon which relief could be granted against the United States.

Plaintiffs amended their Complaint alleging that jurisdiction rested with this Court by virtue of 28 U.S.C. § 1340.

■ Coming to the former motion of defendant, our conclusion is that this Court does indeed have jurisdiction to entertain this case. Our reasoning is, first, 28 U.S.C. § 1340 does vest district courts with jurisdiction of any civil action arising under any Act of Congress providing for internal revenue.

This action arose from an injury alleged to have been caused by non-compliance with the mandatory provisions of 28 U.S.C. § 6335 which provides for the sale of property seized for delinquent taxes.

■ As argued by the Government, it is true that a taxpayer may not attempt to attack the validity of tax assessments prior to paying the tax. He must pay, then claim the refund administratively, then exercise his recourse to the courts.

The Government relies on Falik v. United States, 343 F.2d 38 (2nd Cir., 1965); however, that case is distinguishable from the one at bar because Falik was attempting to preclude collection of the tax by asserting that tax liens on her realty were clouds upon her title. True, they were, the Court said, but it was obviously not the intent of the Congress that a taxpayer should prevent assessment or collection by asserting a cloud on his title when such was otherwise prohibited by law.

■ In regard to plaintiffs' claim that the assessment was excessive, § 2410(a) cannot help them for this would be an attempt to preclude collection. But, we hold otherwise as to the view that the plaintiff corporation cannot come into court.

As to the taxpayer corporation, we note the difference in the facts of the *Falik* case and others like it. There, she was attempting to prevent collection. Here, the sale has already been consummated, but taxpayer believes it was conducted illegally and hence, was invalid. The Court, refers to Crow v. Wyoming Timber Products Co., 424 F.2d 93 (10th

Cir. 1970) wherein the I.R.S. levied on property and sold certain timber applying the proceeds to R. R. Crow & Co. In that action filed by Ralph D. Crow, who claimed to be the true owner, suit was brought against the purchaser of the timber. The Court stated that although this was improper under 26 U.S.C. § 7426, still § 7426 permits a suit in federal court for limited and exclusive relief against the United States on a claim that property was wrongfully levied on or sold by the I.R.S.

That section, however, pertains to parties other than the taxpayer. If an interested party, as in *Crow*, has a standing to contest the validity of the sale, what remedy does the aggrieved taxpayer have? The Court concludes he has none even though 26 U.S.C. § 6335 establishes requirements for the sale of the seized property. Even the interested party, Holloway, has a remedy under 26 U.S.C. § 7246.

Since the invalidity of a sale under § 6335 would cast a cloud on the title of the assets, we adhere to the view in Popp v. Eberlein, 409 F.2d 309 (7th Cir., 1969) that the taxpayer's remedy falls under 28 U.S.C. § 2410. "The owner of the property has an interest in a full and fair price being obtained, whether the tax for which he is liable exceeds its value or not, and circumstances may arguably render the right of redemption under [26 U.S.C.] § 6337 an inadequate remedy." *Popp*, at page 312. Here, the officer of the Internal Revenue Service allegedly did not require a minimum price for the assets, nor buyin for the United States as required by § 6335 if such price was not bid, resulting in the interest of the owner being frustrated. "Thus, the instant action is brought to vindicate a right created by a federal revenue statute, calls for construction of such statute, and is an action arising under it." *Popp*, page 312.

As the Court views the situation, the taxpayer has a right under § 6335 but no remedy for enforcing it except § 2410.

▉ The contention by the United States that the proceedings to quiet title are to be governed by the law of Georgia, especially on the point that the law of Georgia does not provide for such action as to personalty, is without merit because this is not an action to quiet title under Georgia law but under Federal Statute. Cf. Logan Planing Mill Co. v. Fidelity and Casualty Co. of New York, 212 F.Supp. 906 (D.C., W.Va., 1962).

▉ As to the Government's contention that there is no jurisdiction, we reiterate that § 2410(a) does waive sovereign immunity. Cf. *Logan, supra*, page 913 which, read in conjunction with 28 U.S.C. § 1340, repels that notion.

▉ Plaintiff Holloway, as an interested party with a chattel mortgage on the property, is in a position to contest the validity of the sale under 26 U.S.C. § 7426(a) and 28 U.S.C. §§ 1340 and 2410.

For the same reasons, taking the facts alleged in the Complaint to be true, we hold that the Complaint states a claim upon which relief could be granted.

▉ As to the latter motion, the facts are uncomplicated. Pepsi-Cola secured a judgment against Little River Farms, Inc. on April 28, 1969, in the Civil Court of Fulton County, Georgia in the amount of $15,526.94. On May 14, 1969, the judgment was entered on the General Execution Docket in accordance with Georgia Code Ann. § 39–701. Little River Farms, Inc. partially liquidated the judgment to the level of $6,135.92. On March 31, 1970, nearly eleven months after Pepsi-Cola's perfection of its judgment lien, the United States levied on the assets of Little River Farms for delinquent taxes. In addition, federal tax lien notices were filed by the United States on April 2, 1970 in the amount of $69,980.50, on April 8, 1970 in the amount of $18,563.70 and on May 18, 1970 in the sum of $40,000. On May 15, 1970, the assets of personalty were sold at public auction.

Because of the judgment lien which Pepsi-Cola had perfected, it contends

that its lien has priority over the government's. Pepsi relies on 26 U.S.C. § 6323(a) which reads:

"The lien imposed by Section 6321 shall not be valid as against any \* \* \* judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary or his delegate." Subsection (f) provides:

"(f) *Place for filing notice; form.*— (1) *Place for filing.*—The notice referred to in subsection (a) shall be filed—

(A) *Under State Laws.*—

\* \* \* \* \* \*

(ii)—In the case of personal property, whether tangible or intangible, in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated; \* \* \*"

Georgia Code Ann. § 67–2601 provides that notices of liens upon personal property for taxes payable to the United States shall be filed in the office of the Clerk of the Superior Court of the county in which the principal executive office of a corporation is located. The same were filed on the dates as above noted.

United States v. Pioneer American Insurance Company, 1963, 374 U.S. 84, 83 S.Ct. 1651, 10 L.Ed.2d 770 affirmed the meaning of § 6323(a) by stating:

"The tax lien arises, according to § 6322, when the tax is assessed, but as against the specific interests mentioned in § 6323(a)—mortgagees, pledgees, purchasers, and judgment creditors—it is not valid until placed of public record \* \* \* "Page 88, 83 S.Ct. page 1654. The Court further ruled on page 88, 83 S.Ct. on page 1655:

"Choate state-created liens take priority over later federal tax liens \* \* \* [Citations Omitted] while inchoate liens do not."

Cf. Fore v. United States, 5th Cir. 1964, 339 F.2d 70, 72; Bentley v. Kirbo, D.C., Alas., 1958, 169 F.Supp. 38, 42.

As to the argument of defendant United States that the Intervenor's interest was not affected by the sale, the Court finds the answer in the Order of this Court of September 29, 1970. Intervenor, having first priority over the assets or proceeds of the sale, should not be required to institute separate actions to trace the proceeds. It should be allowed to reap the harvest of its industry in perfecting the lien and should not be penalized by the Government's sale of the secured assets.

The intervenor as a matter of law is entitled to judgment.

The motion of defendant United States is denied. The intervenor's Motion for Summary Judgment is granted in that the Court finds that the intervenor's lien is superior to any right or claim of the defendants. The Court reserves any order of remedy until a decision is made in the main action. The Clerk is directed to place the case on the next calendar for pretrial.