James A. MURRAY, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. A3–80–111.

United States District Court, D. North Dakota, Southeastern Division.

Sept. 4, 1981.

---

Armond G. Erickson, Tenneson, Serkland, Lundberg, Erickson & Marcil, Ltd., Fargo, N. D., for plaintiff.

Lynn E. Crooks, Asst. U. S. Atty., James R. Britton, U. S. Atty., Fargo, N. D., for defendant.

1. The United States alleges that the transaction did not create a valid mortgage in that the property of a corporation had been given by a shareholder to secure an individual debt of the shareholder. This court does not address the issue of whether the mortgage was valid.

2. Section 6337 provides in pertinent part:

## MEMORANDUM AND ORDER

BENSON, Chief Judge.

This is an action seeking to quiet title or in the alternative, a recovery of damages resulting from a failure of the Internal Revenue Service (IRS) to permit a redemption of real property. The defendant United States, claiming sovereign immunity and subsequent lack of subject matter jurisdiction, moved to dismiss the complaint under Fed.R.Civ.P. 12(b). The plaintiff asserts jurisdiction under 28 U.S.C. §§ 1340, 2410, 1346, 1356 and 1361. For the reasons stated below, the motion is granted.

### Background

For the purposes of this proceeding, the court will assume the following alleged facts to be true. On December 20, 1978, the plaintiff took a mortgage on real estate owned by Fireside, Inc. The mortgage was executed by Donald Paul, a large stockholder and president of the corporation, and duly recorded in the office of the Register of Deeds of Cass County on the same date.[1] The property was subject to a prior mortgage to the Casselton State Bank on which there was owing the sum of $92,130.07 and subject also to IRS tax liens and other judgment liens. IRS filed additional tax liens after December 20, 1978. On April 18, 1979, taxpayer's property was seized by the IRS for nonpayment of taxes. The property was later purchased by the United States at a tax auction for the amount of the statutory calculated bid, $301.84, *see* 26 U.S.C. § 6335(e)(1). The plaintiff did not bid at the auction nor does he challenge the validity of either the tax lien or the auction sale. On August 13 and December 9, 1979, the plaintiff sent letters to the IRS each enclosing a check for $320.00 (the amount of the government's purchase price plus some interest) and asking to redeem the property. *See* 26 U.S.C. § 6337.[2] IRS offi-

(b) *Redemption of real estate after sale.*

(1) *Period.* The owner of any real property sold as provided in section 6335, their heirs, executors, or administrators, or any person having any interest therein, or a lien thereon, or any person in their behalf, shall be permitted to redeem the property sold, or

cials on both occasions refused to permit the redemption and returned the checks. On December 27, 1979, the plaintiff filed a claim for damages with the IRS. In February 1980, the United States sold its interest in the property to the Casselton State Bank for $301.84.[3] The IRS denied the claim on April 1, 1980, and this action was commenced on September 30, 1980.

### Jurisdiction

■ It is well settled that the United States may not be sued without its consent. *Lynch v. United States,* 54 S.Ct. 840, 844, 78 L.Ed. 1434, 292 U.S. 571, 581–82 (1934); *Bor-Son Building Corporation v. Heller,* 572 F.2d 174, 177 (8th Cir. 1978); *see also* 2A Moore's Federal Practice ¶ 8.17; 14 Wright & Miller & Copper Federal Practice and Procedure: Civil § 3654. Without a waiver of sovereign immunity by the United States, jurisdiction is defective so that the action is barred. *Id.* The plaintiff Murray pleads waiver and district court jurisdiction under a number of statutes. Plaintiff's claims that sections 1356 and 1361 provide a waiver of immunity in this case are without merit and can be disposed of without extensive discussion. The possibility of jurisdiction based on sections 1340, 2410 and 1346 requires closer scrutiny.

Under section 1356 "district courts shall have original jurisdiction . . . of any seizure under any law of the United States on land or upon water not within admiralty and maritime jurisdiction. . . ." Although there has been limited case law interpreting the application of this section, it is evident that it has not been construed to either confer jurisdiction or to waive immunity in fact situations similar to those presented here.

*See Hunsucker v. Phinney,* 497 F.2d 29 (5th Cir. 1974), *cert. denied,* 420 U.S. 927, 95 S.Ct. 1124, 43 L.Ed.2d 397 (1975) (section 1356 is not applicable to confer jurisdiction in action to recover evidence illegally seized by IRS); *Johnston v. Earle,* 245 F.2d 793 (9th Cir. 1975) (section 1356 not applicable to confer jurisdiction in action for alleged seizure and conversion of a tractor by IRS officers); *Detwiler v. United States,* 406 F.Supp. 695 (E.D.Pa.1975), *aff'd,* 544 F.2d 512 (3rd Cir. 1976), *cert. denied,* 429 U.S. 1105, 97 S.Ct. 1136, 51 L.Ed.2d 557 (1977) (section 1356 not applicable to confer jurisdiction in action for damages allegedly caused by improper acts of IRS agents).

■ The plaintiff's assertion of mandamus jurisdiction as provided under 28 U.S.C. § 1361 also must fail. It is apparent that Congress did not intend that this section provide any waiver of sovereign immunity. *Estate of Watson v. Blumenthal,* 586 F.2d 925, 934–35 (2nd Cir. 1978); *Hill v. United States,* 571 F.2d 1098, 1101 n.5 (9th Cir. 1978).

### Sections 1340 and 2410

The plaintiff argues that jurisdiction and waiver of immunity are granted under 28 U.S.C. §§ 1340 and 2410. Section 1340 states that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue. . . ." Under section 2410 Congress has waived sovereign immunity in suits to quiet title in real or personal property in which the United States has or claims a mortgage or other lien.[4] In order to sustain jurisdiction under these two sections it must be determined whether the

---

any particular tract of such property, at any time within 120 days after the sale thereof.

**3.** The complaint fails to specify the amount of the plaintiff's purported security interest and it is not necessary for the court to determine the priority of those interests.

**4.** 28 U.S.C. § 2410 provides in pertinent part:
(a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any

State court having jurisdiction of the subject matter—
(1) to quiet title to,
(2) to foreclose a mortgage or other lien upon,
(3) to partition,
(4) to condemn, or
(5) of interpleader or in the nature of interpleader with respect to, real or personal property on which the United States has or claims a mortgage or other lien.

facts at bar will invoke section 2410 waiver of immunity as it has been judicially construed. *See United States v. Coson*, 286 F.2d 453 (9th Cir. 1961); *Bank of Hawaii v. Benchwick*, 249 F.Supp. 74 (D.Hawaii 1966); *Bartell v. Riddell*, 202 F.Supp. 70 (S.D.Cal. 1962).

Generally, it is observed that an action can be characterized as a section 2410 quiet title action when: (1) the United States claims a mortgage or lien interest in the property, *see, e. g., Hudson County Board of Chosen Freeholders v. Morales*, 581 F.2d 379 (3rd Cir. 1978) (IRS tax lien challenged); *Viva Ltd. v. United States*, 490 F.Supp. 1002 (D.Colo.1980) (same); *Commonwealth of Pennsylvania v. Petito*, 476 F.Supp. 384 (E.D.Pa.1979) (same); *Bartell v. Riddell*, 202 F.Supp. 70 (S.D.Cal.1962) (property sold twice by IRS but not yet conveyed); *compare* above stated cases *with Trustees of the Puritan Church v. United States*, 294 F.2d 734 (D.C.Cir.1961) (section 2410 does not waive immunity when the United States claims title) *and Zager v. United States*, 256 F.Supp. 396 (E.D.Wis.1966) (same) *and Haggard v. Lancaster*, 320 F.Supp. 1252 (N.D.Miss.1970) (no waiver in action to enjoin use of park for access to federal housing project); or (2) the United States no longer claims any interest in the property but the plaintiff challenges the validity of the tax auction sale, *see, e. g., Aqua Bar & Lounge, Inc. v. United States Department of Treasury*, 539 F.2d 935 (3rd Cir. 1976) (alleged improper procedures); *Reece v. Scoggins*, 506 F.2d 967 (5th Cir. 1975) (alleged failure to receive notice of sale); *Popp v. Eberlein*, 409 F.2d 309 (7th Cir. 1969), *cert. denied*, 396 U.S. 909, 90 S.Ct. 222, 24 L.Ed.2d 185 (1969) (alleged disparagement of title at the sale); *Little River Farms, Inc. v. United States*, 328 F.Supp. 476 (N.D.Ga.1971) (alleged that sale was made on terms in variance from those advertised).

█ In the present action, the United States, having sold the property and conveyed its interest, no longer claims any interest in the property. Additionally, the plaintiff does not challenge the validity of the tax auction. Apparently, the plaintiff received any required notice of the auction sale and had a fair opportunity to submit a bid. There is no indication that the plaintiff's opportunity to acquire the property was in any way infringed. Therefore, the availability of a fair opportunity to purchase the property critically distinguishes this case from the cases cited under the second criterion. In view of the lack of any precedent granting waiver under circumstances similar to those presented here and the prior availability of a remedy for the plaintiff, this court applies the strict construction rule and finds no waiver under section 2410. *Haggard v. Lancaster, supra* at 1254–55; *see also* Hart & Wechsler, The Federal Courts and The Federal System, 1351–56 (1973).

### Section 1346(b)

Plaintiff alternatively seeks jurisdiction based on a suit for damages under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). Section 1346(b) grants the court jurisdiction

> of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

The plaintiff alleges that the IRS acted improperly in its failure to permit the plaintiff to redeem the real property.

The court concludes that it is not necessary to reach the issue of whether the IRS acted properly. Under section 2680(c), Title 28, "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty" is specifically excepted from the waiver provisions of section 1346(b). In *American Association of Commodity Traders v. Department of Treasury*, 598 F.2d

1233 (1st Cir. 1979), the plaintiff taxpayer sought damages under section 1346(b), claiming that the IRS improperly refused to process the plaintiff's application for exempt status, *id.* at 1234. The court upheld the dismissal of the action observing that the alleged fault of the IRS agents was immaterial in that there was little doubt that the suit fell within the FTCA exclusion of claims under 2680(c). *Id.* at 1235. Similarly, the court in *Broadway Open Air Theatre v. United States*, 208 F.2d 257, 258 (4th Cir. 1953) upheld a dismissal of an action brought under § 1346(b). In *Broadway*, the court stated that the claim to recover money alleged to have been wrongfully received by the United States in payment of taxes, fell squarely within the broad and specific terms of exception 2680(c). *Id.* at 259. The claim was clearly one "arising in respect of the ... collection of any tax," *id.* The court continued, stating that the plaintiff failed to assert that his action did not arise as a result of successful efforts of an agency of the United States to collect taxes. *Id.* Likewise, in the present action, plaintiff has failed to make the same assertion. *See also United States v. Banner*, 226 F.Supp. 904 (N.D.N.Y.1963) (section 2680(c) bars action for conversion against United States). Therefore, the court holds that the action of the IRS officials in denying the plaintiff's demand falls within the protected assessment or collection activity defined in section 2680(c).

IT IS ORDERED that plaintiff's amended complaint and cause of action is dismissed for lack of subject matter jurisdiction.