Ralph A. ERICKSON, et al., Plaintiffs,

v.

UNITED STATES of America,
Defendant.

No. C90–271WD.

United States District Court,
W.D. Washington,
at Seattle.

Sept. 13, 1990.

Robert J. Lonneker, pro se.

Thomas J. Sawyer, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant.

## ORDER OF DISMISSAL

DWYER, District Judge.

### I.

### INTRODUCTION

Ralph and Elsie Erickson, who represent themselves as plaintiffs in this action, have filed a complaint challenging tax liens under which personal and real property of theirs was seized and sold by the Internal Revenue Service ("IRS"). They seek an order quieting title in the seized property and ordering the IRS to return it; releasing the challenged liens and levies; enjoining defendant from seeking to enforce by lien, levy, sale or otherwise the assessments against the Ericksons; and awarding damages for allegedly wrongful disclosures of tax return information through documents connected with the liens at issue.

Defendant has moved for dismissal under Fed.R.Civ.P. 12(b)(6), or in the alternative for summary judgment. At oral argument defendant moved for sanctions under Fed.R.Civ.P. 11. The Ericksons have moved for a judgment on the pleadings, Fed.R.Civ.P. 12(c), or in the alternative for a continuance of defendant's summary judgment motion under Fed.R.Civ.P. 56(f), and to strike exhibits submitted in support of defendant's summary judgment motion. All materials filed in support of or opposition to the motions, together with the oral arguments presented at a hearing held on September 7, 1990, having been fully considered, the court now finds and rules as follows:

### II.

### DISCUSSION

A. *Preliminary Matters*

█ The parties' motions made under Rule 12 will be decided under summary judgment standards, because materials outside the pleadings, submitted by the parties, have been considered. Fed.R.Civ.P.

12(b), (c); *see also Grove v. Mead School Dist. No. 354*, 753 F.2d 1528 (9th Cir.), *cert. denied*, 474 U.S. 826, 106 S.Ct. 85, 88 L.Ed.2d 70 (1985).

█ Plaintiffs have moved under Fed. R.Civ.P. 56(f) for a continuance of defendant's summary judgment motion. However, in light of the conclusions reached in regard to the legal issues, it is clear that "further discovery could not elicit evidence that would raise genuine issues of *material* fact." *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir.1988) (emphasis added). Plaintiffs' motion for a Rule 56(f) continuance is therefore denied.

Defendant has filed a declaration in support of its cross-motion to dismiss or for summary judgment. Copies of several IRS documents were attached to the declaration as exhibits. The Ericksons have moved to strike these exhibits, asserting that they are not properly authenticated and are not admissible on summary judgment. This motion is denied, for the reasons stated by Judge Rothstein in *Erickson v. United States*, No. C90–270R, slip op. at 6–7, 1990 WL 322794 (W.D.Wash. Aug. 15, 1990) [hereinafter *"Erickson I* order"].[1]

B. *Motions for Summary Judgment or To Dismiss*

Summary judgment under Rule 56 may be granted only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In making these determinations the court views the evidence in the light most favorable to the non-moving party, and draws all reasonable inferences in the latter's favor. The non-moving party is not, however, entitled to rest on the pleadings, and must respond to an adequately-supported motion by showing that genuine issues of material fact exist. *California Architectural Bldg. Prods. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir.1987), *cert. denied*, 484 U.S. 1006, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988).

---

1. Editor's Note: Footnote One stated that "A copy of the Erickson I order is attached as Appendix A." Judge Rothstein's "Order Dismiss- ing Complaint" is omitted from publication. It is available on WESTLAW at 1990 WL 322794.

### 1. Jurisdiction, Quiet Title and Injunction Issues

■ Defendant asserts that the court is without jurisdiction to hear the Ericksons' claims. The federal district courts are empowered to hear any "civil action arising under any Act of Congress providing for internal revenue." *See* 28 U.S.C. § 1340. There are, however, many exceptions to this general grant of jurisdiction. *See, e.g., Rodriguez v. United States,* 629 F.Supp. 333, 336 (N.D.Ill.1986).

■ Defendant argues that the Anti-Injunction Act, 26 U.S.C. § 7421 (the "Act"), prohibits the court from hearing this case. In a recent order dismissing a complaint by the Ericksons' son, which complaint asserted claims very similar to those in this action, Chief Judge Rothstein of this district ruled that the Anti-Injunction Act did not preclude attacks on the procedural validity of the assessment and collection process, and that the Act does not apply to quiet title actions. This court agrees with and adopts the analysis and conclusions in Judge Rothstein's order on these legal issues. *See Erickson I* order, *supra,* at 10–11.

Accordingly, the Anti-Injunction Act does not bar the court from ruling on the Ericksons' procedurally-based claims. However, their complaint must be dismissed to the extent that it seeks an order enjoining defendant from enforcing by lien, levy, sale or otherwise the assessments against the plaintiffs. Such an order would halt the tax collection process, and is thus precluded by the Act. *See, e.g., Jensen v. Internal Revenue Serv.,* 835 F.2d 196, 198 (9th Cir.1987); *Rodriguez,* 629 F.Supp. at 340–41.

Defendant argues that the Ericksons' quite title claim is barred by the doctrine of sovereign immunity. The Ericksons must establish that the United States has unequivocally waived its sovereign immunity as to that claim. *See United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976).

Plaintiffs identify several statutes that they assert operate to waive sovereign immunity as to this action: 5 U.S.C. § 701 *et seq.;* 26 U.S.C. § 7431; 28 U.S.C. §§ 1331, 1340, 1346, 1361, 2410, and 2463. These statutes, except for two discussed below, do not waive sovereign immunity for any of the Ericksons' claims. *See Erickson I* order, *supra,* at 12–13.

■ Under 28 U.S.C. § 2410 "the United States may be joined as a party to a quiet title action affecting property upon which it claims a lien." Although section 2410 waives sovereign immunity as to actions contesting the procedural validity of a tax lien, *United States v. Coson,* 286 F.2d 453, 456 (9th Cir.1961), it does not apply to the Ericksons' claim. The United States cannot be said to "claim a lien" in the property in question, which was sold more than two years ago. *See Erickson I* order, *supra,* at 14–15; *see also Bank of Hemet v. United States,* 643 F.2d 661, 665 n. 1 (9th Cir.1981) (Section 2410 applies to "actions affecting property on which the United States *has* a lien") (emphasis added). No lien exists to bring plaintiffs' claim within section 2410.

The Ericksons' reliance on *Aqua Bar & Lounge, Inc. v. United States Dep't of Treasury,* 539 F.2d 935 (3d Cir.1976), is misplaced. In *Aqua Bar* the Third Circuit held that section 2410 applied to an action to quiet title in a liquor license that had been sold at the time suit was filed. *Id.* at 937–38 (citing *Coson,* 286 F.2d at 457). The court emphasized that title to the liquor license was still in the taxpayer's name and neither the United States nor the buyer had obtained physical possession of it. *Id.* at 937. The court held that "[a]n action to quiet title is the proper method of removing" clouds the IRS's lien created on the taxpayer's title. *Id.* at 937–38.

In this case title has passed, and the property has been sold and delivered to the buyers. The United States does not now claim title or have a lien against the property. Section 2410 should not be read to provide a means of disturbing a sale long since final. It does not apply to plaintiffs'

claims, and no other statute relied upon by plaintiffs provides for an action to quiet title. The claims for quiet title relief must therefore be dismissed.

### 2. Wrongful Disclosure

Taxpayers may sue the IRS for wrongful disclosure of tax return information. 26 U.S.C. § 7431.

To prevail under section 7431, plaintiff must show that an officer or employee of the United States knowingly, or by reason of negligence, disclosed return information in violation of any provision of 26 U.S.C. § 6103. Section 6103 provides that all tax return information is confidential and may not be disclosed except as authorized by the Internal Revenue Code.

*William E. Schrambling Accountancy Corp. v. United States,* 689 F.Supp. 1001, 1006 (N.D.Cal.1988).

The IRS concedes that it disclosed information from the Ericksons' returns in notices regarding tax levies and liens against them. Plaintiffs allege that these disclosures were unlawful because the assessments on which the levies and liens were based were improperly made.

First, the Ericksons contend that the method used to impose the assessments violated regulations in that the proper forms and supporting documentation were not used or correctly recorded by the IRS. Contentions virtually identical to these were considered and rejected by Judge Rothstein in *Erickson I. Erickson I* order, *supra,* at 15–17. This court reaches the same conclusion.

■ The Ericksons also contend that the assessments underlying the challenged liens and levies were improper in that the IRS failed to issue a notice of assessment and demand for payment ("notice and de-

mand") as required by 26 U.S.C. § 6303(a). In *Erickson I* Judge Rothstein found that although the IRS conceded that it had not sent the notice and demand to the proper address, two form letters (a "Final Notice" and a deficiency notice) satisfied the notice and demand requirements. *Erickson I* order, *supra,* at 17–18. Form letters of the same sort were sent to the plaintiffs here. Applying the same analysis, the notices of liens and levies were not based on improper assessments, and the Ericksons' claim for wrongful disclosure must be dismissed.

### C. *Defendant's Motion for Rule 11 Sanctions*

■ At the hearing held on September 7, 1990, defendant made an oral motion for sanctions under Fed.R.Civ.P. 11. The motion is denied because at this point the court does not find that plaintiffs violated Rule 11 in filing and prosecuting this case. However, the plaintiffs should be aware that a lack of counsel to represent them does not shield them from the requirements of Rule 11, nor from penalties for a violation of that rule. *See Stites v. IRS,* 793 F.2d 618 (5th Cir.1986).

### III.

### CONCLUSION

For the reasons stated, defendant's alternative motion for summary judgment is granted, and this action is dismissed with prejudice. Plaintiffs' motions for judgment on the pleadings, for a Rule 56(f) continuance, and to strike, and defendant's oral motion for sanctions, are denied.