**BAY SAVINGS BANK, F.S.B., Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Ellis D. Corbett, and Michael Moore, Defendants.**

**Civ. A. No. 3:93CV205.**

United States District Court, E.D. Virginia, Richmond Division.

Aug. 24, 1993.

David Wayne Robinson, Barry A. Hackney, Hirschler, Fleischer, Weinberg, Cox & Allen, Richmond, VA, for plaintiff.

Debra Jean Prillaman, Office of U.S. Atty., Richmond, VA, Michael J. Martineau, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for defendant I.R.S.

George Richard Walton, Richmond, VA, for defendant Michael Moore.

### MEMORANDUM OPINION

SPENCER, District Judge.

In this action, plaintiff Bay Savings Bank, F.S.B. ("Bay Savings"), seeks, *inter alia,* an Order declaring void the sale of certain real property seized by defendant Internal Revenue Service ("IRS") in connection with the collection of federal income tax liabilities of defendant Ellis D. Corbett, and/or an Order declaring that Corbett redeemed such property.

This matter is before the Court on defendant IRS's motion, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, seeking dismissal of Counts One and Two of plaintiff Bay Savings's complaint insofar as they state claims against the IRS.[1]

For the reasons stated below, defendant's motion will be GRANTED.

### I.

The relevant facts, as alleged in plaintiff's complaint, may be summarized as follows.

By deed dated April 10, 1979, defendant Corbett acquired the real property, with im-

---

1. As the Court will resolve defendant IRS's motion on jurisdictional grounds, it need not address defendant's second argument: that plaintiff has failed to state a claim upon which relief can be granted.

provements, located at 2002 Walker Street in Richmond, Virginia ("the real property").

By deed of trust dated May 24, 1985 ("the Virginia First deed of trust"), Corbett conveyed the real property to Southside Service Corporation for the benefit of Virginia First Savings, F.S.B. That deed of trust, which secured the payment of a promissory note ("the Virginia First note") in the principal amount of $29,600, was recorded in the Clerk's Office of the Circuit Court for the City of Richmond that same day.

On July 10, 1986, a revenue officer of the Richmond District of the IRS recorded a Notice of Federal Tax Lien Under Internal Revenue Laws, relating to certain federal taxes owed by Corbett, in the Richmond Circuit Court clerk's office. To satisfy the tax lien, the IRS levied upon the real property and published notice of the proposed sale in the Richmond Times–Dispatch on September 20 and 24, 1989. On September 29, 1989, a public sale was held at which Corbett's interest in the real property was purchased by defendant Michael Moore for $5,215.00.

On October 10, 1989, Corbett obtained a loan from plaintiff Bay Savings in the principal amount of $44,000, evidenced by a promissory note ("the Bay Savings note"). To secure that note, Corbett granted a deed of trust on the real property in the amount of $44,000 in favor of F.F. Service Corporation as trustee and Bay Savings as the beneficiary. That deed of trust was recorded in the Richmond Circuit Court clerk's office on October 10, 1989.

On October 11, 1989, Corbett, through his counsel, paid the sum of $12,128.36 to the IRS. According to plaintiff's complaint, that payment operated to redeem the real property in accordance with 26 U.S.C. § 6337(b). Corbett and his counsel did not know the whereabouts of Moore at that time, and were unable to find him within the City of Richmond.

Additional proceeds from the Bay Savings loan were used by Corbett to pay off the Virginia First note. Virginia First released its deed of trust by means of a Certificate of Satisfaction, dated October 20, 1989, which was recorded in the Richmond Circuit Court clerk's office on November 28, 1989. On December 7, 1989, the IRS executed a Certificate of Release of Federal Tax Lien and released the Corbett tax lien.

Notwithstanding Corbett's payment of $12,128.36 to the IRS, the IRS executed a deed dated June 6, 1990, which purported to convey to Moore "all right, title and interest" of Corbett in the real property in accordance with the September 29, 1989, public sale. Moore recorded that deed in the Richmond Circuit Court clerk's office on April 19, 1991. According to the complaint, Moore asserts that the IRS deed conveyed to him an interest in the real property free and clear of any interest of Corbett or Bay Savings.

Corbett subsequently stopped making payments on the Bay Savings note, and that note is now in default.

Plaintiff Bay Savings commenced this action by filing its complaint with this Court on March 22, 1993.

## II.

■ Defendant IRS argues that this Court lacks subject matter jurisdiction of plaintiff's claims against it by virtue of the doctrine of sovereign immunity, because the United States claims no lien or other interest in the subject real property. If defendant is correct, this Court must dismiss plaintiff's claims against the United States. *See* Fed. R.Civ.P. 12(b)(1), 12(h)(3).

It has long been established that the United States, as sovereign, may not be sued without its consent. *See, e.g., United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *Lynch v. United States,* 292 U.S. 571, 581–82, 54 S.Ct. 840, 844–45, 78 L.Ed. 1434 (1934). The terms of that consent define a court's jurisdiction to entertain such a suit. *Testan,* 424 U.S. at 399, 96 S.Ct. at 953 (quoting *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941)). Absent a waiver of sovereign immunity, jurisdiction is defective, and an action against the United States is barred. *See J.C. Driskill, Inc. v. Abdnor,* 901 F.2d 383, 385 n. 4 (4th Cir.1990).

In its complaint, plaintiff alleges that this Court has subject matter jurisdiction of its

claims pursuant to 28 U.S.C. §§ 1331, 1340, 1346, 2409a and 2410. These sections are considered below.

### A. Sections 2409a, 2410 and 1346

 The Quiet Title Act, 28 U.S.C. § 2409a, "is a limited waiver of the sovereign immunity of the United States, by virtue of which actions may be brought to quiet title to lands in which the United States 'claims an interest.'" *Richmond, F. & P.R.R. v. United States,* 945 F.2d 765, 769 (4th Cir.1991) [hereinafter "*RF & P*"] (quoting 28 U.S.C. § 2409a(a)), *cert. denied,* —— U.S. ——, 112 S.Ct. 1667, 118 L.Ed.2d 388 (1992).[2] Similarly, 28 U.S.C. § 2410 provides a limited waiver of sovereign immunity to permit actions against the United States "to quiet title to . . . real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a); *Pollack v. United States,* 819 F.2d 144, 145 (6th Cir. 1987).

Both waivers must be construed narrowly in favor of the government. *RF & P,* 945 F.2d at 769 (discussing § 2409a); *Schmidt v. King,* 913 F.2d 837, 839 (10th Cir.1990) (discussing § 2410(a)), *see also United States v. Nordic Village, Inc.,* —— U.S. ——, —— – ——, 112 S.Ct. 1011, 1014–15, 117 L.Ed.2d 181 (1992) (government's consent to be sued must be construed strictly in favor of the sovereign, and must not be enlarged beyond what the language requires). The issue in this case is whether either of these provisions may nevertheless be construed broadly enough to find a waiver of sovereign immunity in the situation presented here.

With respect to Section 2410(a), courts have followed two conflicting approaches. One line of cases holds that

> an action can be characterized as a section 2410 quiet title action when: (1) the United States claims a mortgage or lien interest in the property . . .; or (2) the United States

no longer claims any interest in the property but the plaintiff challenges the validity of the tax auction sale. . . .

*Murray v. United States,* 520 F.Supp. 1207, 1210 (D.N.D.1981) (citations omitted), *aff'd,* 686 F.2d 1320 (8th Cir.1982), *cert. denied,* 459 U.S. 1147, 103 S.Ct. 788, 74 L.Ed.2d 994 (1983); *see also Bleavins v. United States,* No. 90–1185, 1990 WL 223025, at *1–*2, 1990 U.S.App. LEXIS 23,294, at *5–*7 (7th Cir. Dec. 20, 1990) (following *Murray*); *Aqua Bar & Lounge, Inc. v. United States Dep't of Treasury,* 539 F.2d 935, 937–38 (3d Cir.1976) (cited in *Murray*); *cf. Anderson v. IRS.,* No. C2–91–543, 1992 WL 178739, 1992 U.S.Dist. LEXIS 8126, at *4–*5 (S.D.Ohio April 28, 1992) (finding that government, by its actions, waived sovereign immunity).

 This Court, however, instead adopts the reasoning of *Hughes v. United States,* 953 F.2d 531 (9th Cir.1992). In that case, the Ninth Circuit stated:

> [W]hile a taxpayer may contest the procedural validity of a tax lien under § 2410, he may do so only if, at the time the action is commenced, the government still claims a lien or a mortgage on the property. If the government has sold the property prior to the filing of the suit, and no longer claims any interest in the property, § 2410 does not apply.

*Id.* at 538; *see also Mattley v. United States,* No. 92–1589, 1992 U.S.App. LEXIS 21,612, at *3–*4 (8th Cir. Sept. 14, 1992) (per curiam) (following *Hughes*); *Erickson v. United States,* 780 F.Supp. 733, 736–37 (W.D.Wash.1990) (predating *Hughes* but reaching same result); *cf. Aqua Bar,* 539 F.2d at 941 (Garth, J., concurring) ("it is quite clear to me that where, the United States has seized and then sold [the property at issue] there can be no property 'on which the United States has or claims a mortgage or other lien'").[3] This approach, unlike that

---

2. *See also* 28 U.S.C. § 1346(f), which states: "The district courts shall have exclusive original jurisdiction of civil actions under section 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States."

3. Judge Garth, while declining to "join the majority in artificially bending and straining the

unambiguous words and legislative history of § 2410(a)(1) so as to allow suits against the United States for seizures and sales of property in violation of the Code," nevertheless found an implicit waiver of sovereign immunity based upon the existence of the "explicit provisions and mandatory terms" of 26 U.S.C. §§ 6331 and 6335.

of the *Aqua Bar* majority, *Murray,* and similar cases, flows directly from the unambiguous language of the statute.

Several other cases relied upon by plaintiff may easily be distinguished. In *Guthrie v. Sawyer,* 970 F.2d 733 (10th Cir.1992), for example, the Tenth Circuit makes no mention of the applicability of section 2410 to a case involving property sold by the government prior to the filing of the plaintiff's complaint. In *Kulawy v. United States,* 917 F.2d 729 (2d Cir.1990), the Second Circuit appears to have adopted the same rule set forth by the Ninth Circuit in *Hughes:* that section 2410 is applicable to actions commenced *before* the sale of property by the government. *Id.* at 733; *see also Delta Sav. & Loan Ass'n v. IRS,* 847 F.2d 248, 249 n. 1 (5th Cir.1988) (similar).

In *Popp v. Eberlein,* 409 F.2d 309, 312 (7th Cir.), *cert. denied,* 396 U.S. 909, 90 S.Ct. 222, 24 L.Ed.2d 185 (1969), the issues of subject matter jurisdiction and waiver of sovereign immunity were not squarely before the court, and the Seventh Circuit addressed them only briefly. *Id.* at 312 & n. 6. Even so, the court noted that it was "beset by serious doubt" in affirming the district court's conclusion that it had jurisdiction under section 2410. *Id.* Similarly, in *Little River Farms, Inc. v. United States,* 328 F.Supp. 476 (N.D.Ga.1971), the issue is addressed only in passing, with no reasoning offered to support the district court's conclusion. *Id.* at 479. *See also Aqua Bar,* 539 F.2d at 941–42 (Garth, J., concurring) (criticizing *Popp* and *Little River Farms* ).

■ With respect to the Quiet Title Act, section 2409a, this Court must reach a conclusion similar to that for section 2410: where the property at issue has been sold, the government no longer "claims an interest" and section 2409a is not applicable. *See Nonnenmacher v. United States,* Civil No. 91–6312–HO, 1992 WL 551486, at *1, 1992 U.S.Dist. LEXIS 7254, at *3 (D.Or. May 7, 1992); *cf. Bank of Hemet v. United States,* 643 F.2d 661, 665 (9th Cir.1981) ("the presence of a waiver of sovereign immunity

should be determined [by whether the government claimed an interest] as of the date the complaint was filed").

This Court therefore concludes that neither section 2409a nor section 2410 contains a waiver of sovereign immunity which is applicable to this case, and therefore do not provide a basis for this Court to exercise subject matter jurisdiction of plaintiff's claims against defendant IRS.

### B. Sections 1331 and 1340

■ Under 28 U.S.C. § 1340, federal district courts are granted "original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue." This general grant of jurisdiction does not, however, constitute a waiver of sovereign immunity by the United States. *Murray v. United States,* 686 F.2d 1320, 1324 (8th Cir. 1982), *cert. denied,* 459 U.S. 1147, 103 S.Ct. 788, 74 L.Ed.2d 994 (1983); *Aqua Bar,* 539 F.2d at 937; *White v. IRS,* 790 F.Supp. 1017, 1020 (D.Nev.1990). The same is true of section 1331, which grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See, e.g., Radin v. United States,* 699 F.2d 681, 685 n. 9 (4th Cir. 1983).

These sections alone, therefore, do not permit a finding that the government has waived sovereign immunity in this case, and do not support the exercise by this Court of subject matter jurisdiction of plaintiff's claims against the IRS.

### III.

For the reasons discussed above, defendant IRS's motion to dismiss will be GRANTED, and Counts One and Two of plaintiff's complaint will be DISMISSED as to defendant IRS.

In their memoranda, plaintiff and defendant IRS briefly discuss whether this Court will retain subject matter jurisdiction of plaintiff's claims against defendants Corbett and Moore after the dismissal of plaintiff's claims against the IRS. While the Court

In light of the Supreme Court's instruction that waivers of the government's sovereign immunity, to be effective, must be "unequivocally ex-

pressed," *Nordic Village,* —— U.S. ——, 112 S.Ct. at 1014, this Court declines to adopt this portion of Judge Garth's reasoning.

may raise the issue of subject matter jurisdiction at any time, *see* Fed.R.Civ.P. 12(h)(3), it nevertheless deems it inappropriate to address the issue of jurisdiction as to claims against the remaining defendants without the benefit of those defendants' input. That issue is not before the Court on defendant IRS's motion, and the Court declines to address it at this time.