TERRAPIN LEASING, LTD., Plaintiff,

v.

UNITED STATES of America, Bill Lewis, Eleven Unknown Agents of the Internal Revenue Service, and the Internal Revenue Service, Defendants,

City National Bank and Trust Company of Oklahoma City, a National Banking Corporation, Intervenor.

No. CIV–77–1052–E.

United States District Court, W. D. Oklahoma.

March 10, 1978.

E. John Eagleton and Ellen M. Hamilton of Houston & Klein, Inc., Tulsa, Okl., for plaintiff.

John E. Green, Acting U. S. Atty., Oklahoma City, Okl., and William W. Guild, Atty., Tax Division, Dept. of Justice, Dallas, Tex., for defendants.

Kenneth I. Jones, Jr., Oklahoma City, Okl., for intervenor.

## MEMORANDUM OPINION AND ORDER

EUBANKS, District Judge.

Complaint alleges wrongful seizure of two automobiles allegedly belonging to plaintiff by agents of the Internal Revenue Service. The automobiles were levied upon and seized to satisfy the unpaid tax liability of Tracy C. Poe and Barbara Poe, husband and wife. Tracy C. Poe is the president and sole owner of plaintiff corporation. Count I of the complaint alleges wrongful levy and seeks return of the vehicles under 26 U.S.C. § 7426. The United States of America is the only party defendant as to Count I. In Count II, plaintiff asks for damages against the Internal Revenue Service and individual agents for alleged violations of plaintiff's rights under the Fourth and Fifth Amendments to the Constitution of the United States. City National Bank and Trust Company of Oklahoma City, Oklahoma, has filed a complaint in intervention alleging security interests in the seized automobiles.

Now before the court for disposition are:

1) Motion to dismiss intervenor's complaint filed by defendants Bill Lewis and the Internal Revenue Service; and

2) Defendants' motion to dismiss plaintiff's second cause of action or for partial summary judgment.

■ Defendants Bill Lewis and the Internal Revenue Service move for dismissal of City National's complaint in intervention as to them on the ground that an action for wrongful levy under 26 U.S.C. § 7426 may be maintained only against the United States—not against agents or agencies of

the United States. Counsel for intervenor has filed a letter advising the court that intervenor does not object to the court sustaining the motion, thereby leaving the United States of America as the only party defendant to the complaint in intervention. Therefore, the motion of defendants Lewis and the Internal Revenue Service to dismiss the complaint in intervention as to them is granted.

■ Defendants seek dismissal or summary judgment as to Count II of plaintiff's complaint which seeks damages for alleged constitutional violations by agents of the Internal Revenue Service. This cause of action cannot be maintained against the Internal Revenue Service. The United States may be sued only to the extent it has consented to suit by statute. *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). An action against the Internal Revenue Service is effectively one against the United States. *Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); *Blackmar v. Guerre,* 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1952).

However, sovereign immunity does not bar the damages claim against the individual agents of the Internal Revenue Service. *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Defendants contend that they are immune, either absolutely or qualifiedly, from suit because the acts complained of were pursuant to instructions of a supervisor and within the scope of their duties.

Defendant Lewis obtained a warrant from this court on August 2, 1977, to enter upon the Poe residence to effect a levy upon property in satisfaction of the unpaid tax assessments.[1] On August 24, 1977, Lewis, accompanied by several other agents,[2] went to the Poe home and seized the automobiles on instructions from his supervisor, an attorney (Affidavit of LeRoy Boyer). Lewis had been assigned the delin-

---

1. The validity of the assessments is not in question. See *Shannon v. United States,* 521 F.2d 56, 59 (9th Cir. 1975), cert. denied, 424 U.S. 965, 96 S.Ct. 1458, 47 L.Ed.2d 731 (1976).

2. By amended complaint, plaintiff has named John Graham, Don Stacy, LeRoy Boyer, Gene Turley, Jack Henry, Dale Cook and E. C. Talley as additional individual agent defendants.

quent account on the 1971 tax liability of the Poes in April, 1977, and claims to have made unsuccessful attempts to secure voluntary payment before deciding to levy on their property. He asserts that he made that decision only after determining that the Poes had no assets, other than household goods, in their own name and that assets regularly used by the Poes, including the automobiles, were titled in the name of plaintiff corporation. Lewis interpreted these facts as showing that plaintiff was the alter ego of Poe and, therefore, that the corporate assets were subject to levy to satisfy Poe's tax liability.

■ The doctrine of absolute immunity is inapplicable to the defendant agents' actions in executing the levy. *G. M. Leasing Corp. v. United States,* 560 F.2d 1011 (10th Cir. 1977). The proper inquiry is whether the agents are protected from damages liability by qualified immunity.

> "[I]n varying scope, a qualified immunity is available to officers of the executive branch of government, the variation being dependent upon the scope of discretion and responsibilities of the office and all the circumstances as they reasonably appeared at the time of the action on which liability is sought to be based. It is the existence of reasonable grounds for the belief formed at the time and in light of all the circumstances, coupled with good-faith belief, that affords a basis for qualified immunity of executive officials for acts performed in the course of official conduct." *Scheuer v. Rhodes,* 416 U.S. 232, 247–248, 94 S.Ct. 1683, 1692, 40 L.Ed.2d 90 (1974).[3] See also *Wood v. Strickland,* 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975), rehearing denied, 421 U.S. 921, 95 S.Ct. 1589, 43 L.Ed.2d 790 (1975).

In *G. M. Leasing Corp., supra,* the Tenth Circuit Court of Appeals applied qualified immunity to Internal Revenue Service agents accused of violating a corporation's Fourth Amendment rights in levying on and seizing its assets to satisfy the income tax liability of the corporation's general manager. In that case, the corporation argued, as does plaintiff here, that the officers were motivated by a "vendetta" against the taxpayer. The court held that:

> "These matters, even assuming their correctness, are peripheral; the issue is not the officers' attitude generally but whether they believed they were acting in accordance with the law in entering the cottage without a warrant.
>
> "Of principal importance is the undisputed fact that the officers conducted the seizure upon the advice of IRS regional counsel. It makes no sense to expect the officers to second-guess the IRS regional attorney who counseled them that the seizure could be undertaken as it was. In a similar case, *Jackson v. Wise,* 385 F.Supp. 1159 (D.Utah 1974), the fact that an IRS agent acted on advice of counsel was held sufficient to support a finding that his actions were in good faith. We are satisfied that the officers entered the cottage on the reasonable and good faith belief that their conduct was lawful. Corporation is not entitled to recover damages against them." 560 F.2d at 1015.

■ Plaintiff alleges a violation of its constitutional rights due to the fact of the seizure, not the manner in which it was carried out.[4] The seizure was pursuant to a warrant and the automobiles were seized at Poe's residence with Poe and his attorney present. The seizure was accomplished under instructions of an attorney employed by the Internal Revenue Service. It cannot be

---

**3.** Although *Scheuer* dealt with immunity of state officials, the official immunity doctrine in suits against federal officers for violation of constitutional rights has been held identical to the immunity doctrine applied in 42 U.S.C. 1983 actions. See *Mark v. Groff,* 521 F.2d 1376, 1380 (9th Cir. 1975); *Apton v. Wilson,* 165 U.S.App.D.C. 22, 31–32, 506 F.2d 83, 92–93 (1974); *States Marine Lines, Inc. v. Shultz,* 498 F.2d 1146, 1159 (4th Cir. 1974).

**4.** The allegations are that the act of seizing the vehicles was reckless and malicious because an effort to harass plaintiff's officers, cause plaintiff financial loss, and deprive it of the use of the automobiles.

said that the seizure was in bad faith or unreasonable. Therefore, the doctrine of qualified immunity bars any recovery of damages by plaintiff against the individual agents.

Accordingly,

IT IS ORDERED that defendants Bill Lewis and the Internal Revenue Service's motion to dismiss the complaint in intervention of City National Bank and Trust Company of Oklahoma City, Oklahoma, be and the same hereby is granted; and

IT IS ORDERED that defendants' motion to dismiss or for partial summary judgment on Count II of plaintiff's complaint be and the same hereby is granted.

Counsel for defendants is directed to prepare a formal judgment dismissing Count II of the complaint and also the cause of action therein stated.

The Clerk of the Court is directed to mail a copy hereof to counsel of record.