**James A. MURRAY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 81–2178.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 12, 1982.

Decided Aug. 26, 1982.

---

Paul F. Richard of Tenneson, Serkland, Lundberg, Erickson & Marcil, Ltd., Fargo, N. D., for appellant.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Gary R. Allen, Elaine F. Ferris, Tax Division, Dept. of Justice, Washington, D. C., for appellee.

Before ROSS, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and HENLEY,* Circuit Judge.

HENLEY, Senior Circuit Judge.

This appeal arises from the district court's[1] dismissal of appellant James A. Murray's complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b). Murray seeks $70,000.00 in civil damages, or, alternatively, an order compelling the United States to convey to him certain real property which he had attempted to redeem following its conveyance to the United States at a tax auction. The district court held that subject matter jurisdiction was lacking because the United States had not waived its sovereign immunity.

We agree with the district court that upon the pleadings and undisputed facts neither civil damage relief nor mandamus is available to appellant. Moreover, while we do not accept the trial court's characterization of the action as one to quiet title, we affirm the judgment of dismissal.

*Background.*

The essential facts are not in dispute. On December 20, 1978 the appellant Murray took a mortgage on real estate owned by Fireside, Inc., a North Dakota corporation operating as a bar and lounge. The mortgage was executed by Donald Paul, a large stockholder and president of the corporation, and was duly recorded in the office of the Register of Deeds of Cass County on the same date. The property was subject to a prior mortgage to the Casselton State Bank on which there was owing the sum of $92,130.07, and was subject also to IRS tax liens and other judgment liens. The IRS filed additional tax liens after December 20, 1978.

On April 18, 1979 the property was seized by the IRS for nonpayment of taxes. The property was later purchased by the United States at a tax auction for the amount of the statutory calculated bid, $301.84, pursuant to 26 U.S.C. § 6335(e)(1). Appellant did not bid at the auction nor does he challenge the validity of either the tax lien or the auction sale.

On August 13 and December 9, 1979 appellant sent letters to the IRS, enclosing a check for $320.00 (the amount of the government's purchase price plus some interest) and asking to redeem the property. See 26 U.S.C. § 6337.[2] IRS officials on both occasions refused to permit the re-

---

* The Honorable J. Smith Henley assumed senior status on June 1, 1982.

1. The Honorable Paul Benson, Chief Judge, United States District Court for the District of North Dakota. His decision is reported as *Murray v. United States*, 520 F.Supp. 1207 (D.N.D.1981).

2. Section 6337 provides in pertinent part:

> (b) *Redemption of real estate after sale.*
> (1) *Period.* The owner of any real property sold as provided in section 6335, their heirs, executors, or administrators, or any person having any interest therein, or a lien thereon, or any person in their behalf, shall be permitted to redeem the property sold, or any particular tract of such property, at any time within 120 days after the sale thereof.

demption and returned the checks. It was the IRS's position that the property of the corporation had been improperly given by a shareholder to secure an individual debt. The IRS noted that the transaction had not been approved by the corporation's Board of Directors, and that the mortgage was executed without consideration to the corporation. The Internal Revenue Service concluded that the mortgage was invalid, and hence that it was ineffective to trigger the redemption rights created by 26 U.S.C. § 6337.

On December 27, 1979 appellant filed a claim for damages with the IRS. The IRS denied this claim on April 1, 1980. The Service also sold its interest in the property to the Casselton State Bank for $301.84 in February, 1980. We are informed by appellant's brief that the property was subsequently transferred to a new purchaser on December 17, 1981.

On September 30, 1980 appellant commenced this suit in district court, seeking damages for the allegedly wrongful refusal of his redemption offer. In the alternative, he sought a writ of mandamus compelling the United States [3] to convey the real property to him and to void all prior deeds it had given on the property.

Appellant asserted jurisdiction under 28 U.S.C. §§ 1340 (civil action arising under Act of Congress providing for internal revenue), 1346 (Federal Tort Claims Act), 1356 (seizure under law of the United States), 1402 (venue statute applicable to suits under Federal Tort Claims Act), 2410 (quiet title action against United States), and 1361 (petition for mandamus). The government moved to dismiss the complaint on the ground that the suit was barred by the doctrine of sovereign immunity. The dis-

trict court dismissed appellant's complaint on this ground while expressly declining to reach the question whether appellant's mortgage was valid. *Murray v. United States*, 520 F.Supp. 1207, 1208 n.1 (D.N.D. 1981).

### (A) Damage Relief.

We approach the jurisdictional issues from the perspective of the relief requested by appellant. We consider first whether Murray's prayer for damage relief is well-founded in any of the cited statutes.

### (i) Federal Tort Claims Act.

Appellant bases his claim to damage relief primarily on the jurisdiction provided by the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (hereinafter FTCA), which waives the immunity of the United States with respect to suits alleging injury or loss of property through the negligent or wrongful act or omission of a United States employee.[4] The waiver provided by section 1346(b) is limited, however, by a number of exceptions set forth in 28 U.S.C. § 2680. Two of the exceptions are said by the government to apply here.

The government relies first on Section 2680(c), which preserves sovereign immunity for "[a]ny claim arising in respect of the assessment or collection of any tax."

Appellant proposes a narrow construction of the exception, arguing that tax collection efforts were complete when the property was conveyed to the United States at the tax sale for the statutorily calculated minimum bid. He points out that he has not challenged as improper the IRS's assessment of taxes against the Fireside, Inc. He thus urges the conclusion that this lawsuit arises from rights which postdate the

---

**3.** Appellant's original complaint named the District Director of the Internal Revenue Service as defendant. Defendant filed a motion to dismiss, alleging that the IRS is not an entity subject to suit. Appellant subsequently amended his complaint to substitute the United States as party defendant.

**4.** 28 U.S.C. § 1346(b) provides in pertinent part:

Subject to the provisions of chapter 171 of this title, the district court ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

government's collection efforts. Allegedly, his legal action will not interfere with these efforts. Appellant also argues that the exception to FTCA jurisdiction stated in Section 2680(c) bars only taxpayer suits. The exception allegedly does not apply to suits by third parties whose interests may be affected by tax collection efforts.

█ The weight of authority is to the contrary. *E.g., United States v. Worley,* 213 F.2d 509, 512 (6th Cir. 1954) (exception in § 2680(c) barred suit by taxpayer's wife), *cert. denied,* 348 U.S. 917, 918, 75 S.Ct. 301, 302, 99 L.Ed. 719, 720 (1955); *Broadway Open Air Theatre, Inc. v. United States,* 208 F.2d 257, 258–59 (4th Cir. 1953) (exception barred suit by preferred stockholders of corporation where taxpayers were principal officers, directors and shareholder); *Home Indemnity Co. v. Brennan,* 430 F.Supp. 828 (S.D.N.Y.1977) (exception barred suit by contractor's surety where taxpayer was the contractor). In a case closely on point, *Pargament v. Fitzgerald,* 272 F.Supp. 553, 556 (S.D.N.Y.1967), *aff'd,* 391 F.2d 934 (2d Cir. 1968), the court specifically noted that Section 2680(c) precluded suit by a chattel mortgagee who alleged that his rights had been impaired by tax collection proceedings against his mortgagor. The exception to FTCA jurisdiction clearly applies to taxpayers and third parties alike.

█ We also cannot agree that appellant's claim arises outside of "the assessment or collection of taxes" for purposes of the exception to FTCA jurisdiction. When at a tax sale property is adjudicated to the government at the statutory minimum price, see 26 U.S.C. § 6335(e)(1), the government in effect becomes the purchaser subject to the statutory right of redemption. 26 U.S.C. § 6337(b)(1). *Capital Savings Association v. Runnels,* 361 So.2d 458, 462 (La.Ct.App.1978). The right of redemp-

tion arises only in connection with the tax levy, and is an integral facet of such a levy. A claim founded on redemption rights is clearly a claim "arising in respect of the collection of a tax" within the meaning of Section 2680(c).[5]

### (ii) Sections 1340, 1356.

█ The other statutes relied on by appellant as grants of jurisdiction for a damage action are equally of little avail. Appellant argues that his suit may be heard under 28 U.S.C. § 1340, which gives the federal district courts "original jurisdiction of any civil action arising under any Act of Congress providing for Internal Revenue." It is established, however, that this general grant of jurisdiction does not constitute a waiver of sovereign immunity. *Aqua Bar & Lounge, Inc. v. United States Department of Treasury Internal Revenue Service,* 539 F.2d 935, 937 (3d Cir. 1976); *Essex v. Vinal,* 499 F.2d 226, 231 (8th Cir. 1974), *cert. denied,* 419 U.S. 1107, 95 S.Ct. 779, 42 L.Ed.2d 803 (1975) (and cases cited therein); *Geurkink Farms, Inc. v. United States,* 452 F.2d 643, 644 (7th Cir. 1971); *Falik v. United States,* 343 F.2d 38, 40 (2d Cir. 1965). There is similarly no waiver of sovereign immunity to be found in 28 U.S.C. § 1356, which is merely another general provision vesting jurisdiction in the district courts over certain kinds of seizures.[6] *Van Buskirk v. United States,* 206 F.Supp. 553, 555 (E.D.Tenn.1962).

### (iii) Implied Waiver of Immunity.

█ Moreover, we cannot agree with appellant that a waiver of sovereign immunity must be implied where it is alleged that the IRS has failed to comply with seizure and sale provisions in the Internal Revenue Code. Appellant relies primarily on the reasoning of the dissent in *Aqua Bar*

---

**5.** Because we find that Section 2680(c) applies to preserve the sovereign immunity of the United States from suit under the Federal Tort Claims Act, we do not reach the question whether Section 2680(a) might also apply. This subsection preserves the United States' immunity by excepting from the Federal Tort Claims Act those claims based upon the performance of a discretionary function or duty by a federal employee or agency.

**6.** 28 U.S.C. § 1356 (1980 Supp.) provides:

The district courts shall have original jurisdiction, exclusive of the courts of the States, of any seizure under any law of the United States on land or upon waters not within admiralty and maritime jurisdiction, except matters within the jurisdiction of the Court of International Trade under section 1582 of this title.

*& Lounge, Inc. v. United States Department of Treasury Internal Revenue Service,* 539 F.2d at 942–43. The dissent in this case was concerned that absent an implied waiver of immunity, the IRS would be free to violate Congressional mandates with impunity. *Id.* at 942. While we are similarly concerned that any injury which may here exist not be without a remedy, we cannot agree that a remedy should be provided through an implied waiver. A waiver of immunity "cannot be implied but must be unequivocally expressed." *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1352, 63 L.Ed.2d 607 (1980), quoting *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969). Such a waiver, if it exists at all, should be sought in the statute giving rise to a cause of action. *Doe v. Civiletti,* 635 F.2d 88, 94 (2d Cir. 1980); *May Department Stores Co. v. Smith,* 572 F.2d 1275 (8th Cir.), *cert. denied sub nom. May Department Stores Co. v. Veterans' Administration,* 439 U.S. 837, 99 S.Ct. 122, 58 L.Ed.2d 134 (1978).

*(iv) Federal Question Jurisdiction.*

Appellant finally alleges that the refusal of his offer of redemption unconstitutionally deprived him of due process rights. The actions of government officials are said to have raised a substantial federal question within the subject matter jurisdiction of the district court. 28 U.S.C. § 1331. The existence of federal question jurisdiction, however, does not remove the barrier of sovereign immunity urged by the government against proceeding with this suit. *Doe v. Civiletti,* 635 F.2d at 94; *Beale v. Blount,* 461 F.2d 1133, 1138 (5th Cir. 1972).[7]

In sum, we can find no cognizable ground for jurisdiction over appellant's damage action.[8]

*(B) Equitable Remedies.*

*(i) Mandamus.*

As an alternative to money damages, appellant requested that the district court issue a writ of mandamus compelling the United States to set aside all deeds it had given and convey the property to him. The federal mandamus statute, however, is of no help to appellant for several reasons.

First, it is debatable whether 28 U.S.C. § 1361[9] constitutes a waiver of sovereign immunity. *Doe v. Civiletti,* 635 F.2d at 94 (Section 1361 is not an all-purpose waiver of immunity); *Watson v. Blumenthal,* 586

---

**7.** We need not decide here the jurisdictional result that might obtain if appellant named individual agents of the Internal Revenue Service, rather than the Service or United States, as defendants in a count requesting damages for due process violations. However, we observe in passing that even if sovereign immunity did not necessarily bar such a cause of action, *see Davis v. Passman,* 442 U.S. 228, 239, 99 S.Ct. 2264, 2273, 60 L.Ed.2d 846 (1979), jurisdiction might still be defeated due to the existence of special factors or due to the existence of other remedies. *Id.* at 245–47, 99 S.Ct. at 2277–2278; *Carlson v. Green,* 446 U.S. 14, 18–19, 100 S.Ct. 1468, 1471–1472, 64 L.Ed.2d 15 (1980). Moreover, defenses of either absolute or qualified immunity likely would be placed at issue. *E.g., Terrapin Leasing, Ltd. v. United States,* 449 F.Supp. 7, 8 (W.D.Okla. 1978).

**8.** Although appellant does not press on appeal his assertion of jurisdiction under the statute providing for tax refund suits, 28 U.S.C. § 1346(a)(1), we note that this provision also provides no jurisdiction. Although sovereign immunity is waived by this provision in conjunction with 26 U.S.C. § 7422, the present suit cannot fairly be said to fall within its ambit.

Standing to sue under Section 1346(a)(1) extends only to the taxpayer from whom the tax was allegedly wrongfully collected. *E.g., Hummell v. United States,* 494 F.Supp. 1003, 1004 (S.D.Ia.1980) (and citations therein); *First National Bank v. United States,* 175 F.Supp. 192 (D.Minn.1959) (no standing for assignee of taxpayer), *appeal dismissed with prejudice,* 282 F.2d 568 (8th Cir. 1960). Appellant also does not seek relief of the kind provided for by Section 1346(a)(1), namely "recovery of [a] tax alleged to have been erroneously or illegally assessed or collected."

Appellant similarly is not aided by a cause of action under 26 U.S.C. § 7426, which permits civil actions by persons other than taxpayers who claim an interest on property allegedly wrongfully levied upon. Appellant does not allege that this is an instance of wrongful levy.

**9.** 28 U.S.C. § 1361 provides:

The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

F.2d 925, 935 (2nd Cir. 1978); *Hill v. United States*, 571 F.2d 1098, 1101 n.5 (9th Cir. 1978); *Essex v. Vinal*, 499 F.2d at 231–32; *McQueary v. Laird*, 449 F.2d 608, 611 (10th Cir. 1971); *see also* 14 C. Wright, *Federal Practice and Procedure* § 3655 at 200 (1976) ("Section 1361 has not had any direct impact on the doctrine of sovereign immunity"); *but see Vishnevsky v. United States*, 581 F.2d 1249, 1255–56 (7th Cir. 1978) (doctrine of sovereign immunity inapplicable to actions for mandamus).

Moreover, even if sovereign immunity were waived by 28 U.S.C. § 1361, no federal officials are named as defendants in appellant's amended complaint. The Mandamus Act does not apply to the United States itself. *Morpurgo v. Board of Higher Education*, 423 F.Supp. 704, 714 (S.D.N.Y.1976).

*(ii) Action to Quiet Title, 28 U.S.C. § 2410.*

■ Appellant's amended complaint did not expressly contain a prayer for quiet title relief. It is clear from the record, however, that the parties and the district court construed the suit as seeking such relief. 520 F.Supp. at 1209–10. The final question on appeal accordingly is whether this suit may properly be characterized as a quiet title action, and, if so, whether the district court had jurisdiction under 28 U.S.C. § 2410(a)(1) [10] in combination with 28 U.S.C. § 1340.[11]

We hold that appellant's suit may not appropriately be characterized as a suit to quiet title.

Appellant's complaint seeks two remedies: damages, or, in the alternative, a writ of mandamus compelling the United States to convey the property to him and to void all prior deeds it had given. Appellant persists on appeal in asserting that the ultimate effect of his redemption, if permitted, will be to convey to him a title interest in the property. Appellant thus eschews restoration of that interest in the land which he previously held, namely an inferior security interest which he may not want, and instead seeks creation in himself of a title interest which he never previously possessed or claimed.[12]

**10.** 28 U.S.C. § 2410(a)(1) provides in pertinent part:

Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—

(1) to quiet title to, . . .

real or personal property on which the United States has or claims a mortgage or other lien.

This section has been recognized to waive sovereign immunity in some circumstances. *United Sand & Gravel Contractors, Inc. v. United States*, 624 F.2d 733, 738 (5th Cir. 1980) (stating in dictum that Section 2410 may waive immunity as to suits disputing ownership to property possessed by United States when claimant has no more specific remedy); *Hudson County Board of Chosen Freeholders v. Morales*, 581 F.2d 379, 382–83 (3d Cir. 1978) (Section 2410 is basis for finding waiver of sovereign immunity); *Aqua Bar & Lounge, Inc. v. United States Department of Treasury Internal Revenue Service*, 539 F.2d 935, 938–40 (3d Cir. 1976) (Section 2410 constitutes waiver of sovereign immunity so long as plaintiff refrains from contesting merits of underlying tax assessment); *Popp v. Eberlein*, 409 F.2d 309, 312 (7th Cir.), *cert. denied*, 396 U.S. 909, 90 S.Ct. 222, 24 L.Ed.2d 185 (1969); *United States v. Coson*, 286 F.2d 453 (9th Cir. 1961); *Yannicelli v. Nash*, 354 F.Supp. 143, 150–51 (D.N.J.1972); *Little River Farms, Inc. v. United States*, 328 F.Supp. 476, 479 (N.D.Ga.1971). *Compare United Sand & Gravel Contractors, Inc. v. United States*, 624 F.2d at 738–40 (even if Section 2410 waives immunity, it may not be utilized to circumvent statute of limitations provided for third-party attacks on wrongful levy under 26 U.S.C. §§ 7426, 6532(c)); *Falik v. United States*, 343 F.2d 38 (2d Cir. 1965) (no waiver of immunity under § 2410 for suit which attacks merits of underlying lien); *Quinn v. Hook*, 231 F.Supp. 718 (E.D.Pa.1964), *aff'd*, 341 F.2d 920 (3d Cir. 1965) (Section 2410 does not waive immunity for collateral attack on validity of tax lien after adverse decision on issue by Tax Court).

**11.** 28 U.S.C. § 1340 grants the district courts "original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue."

**12.** Appellant's alternative prayer is not unlike an action to quiet title on the basis of weakness in another's title rather than the strength of one's own title. The law does not permit quiet title relief in such circumstances. *Dudley v. Meyers*, 422 F.2d 1389, 1394–95 (3d Cir. 1970);

On the ground that the present action is not one to quiet title, we affirm the district court's ruling that jurisdiction does not exist under Section 2410. This conclusion renders it unnecessary for us to consider the district court's different rationale for dismissal, namely that the United States had sold its interest in the property at the time suit was brought.[13] 520 F.Supp. at 1210.

The district court's order and judgment of dismissal is affirmed for lack of subject matter jurisdiction. Our affirmance of the dismissal is without prejudice to any quiet title action appellant may choose to bring against parties other than the United States in an appropriate state forum.[14] *See* N.D.Cent.Code § 32–17–91 (1976 Repl.).

*Mays v. Kirk*, 414 F.2d 131, 133 (5th Cir. 1969) (essential elements of cause of action to remove cloud on title are proof of plaintiff's own title and invalidity of instrument or record sought to be eliminated as a cloud).

13. *But see Popp v. Eberlein*, 409 F.2d at 312 (although issue was not argued and although court expressed doubts, court held that § 2410 granted jurisdiction for suit against United States where United States had sold its interest in property through distraint sale prior to plaintiffs' suit, and where effect of plaintiffs' successful suit would be to set aside distraint sale); *Little River Farms, Inc. v. United States*, 328 F.Supp. 476 (N.D.Ga.1971); *compare Aqua Bar & Lounge, Inc. v. United States Department of Treasury Internal Revenue Service*, 539 F.2d at 936, 937 (action could be characterized as action to quiet title within meaning of § 2410

where property rights in liquor license were sold by United States prior to plaintiff's suit, and where neither IRS nor third party purchaser had obtained physical possession of the license documents). *But see also Aqua*, 539 F.2d at 941–42, where Judge Garth, concurring, rejected an interpretation of § 2410 that would permit joinder of the United States after it had seized and sold subject property in order to satisfy its tax lien.

14. Where a motion to dismiss for lack of subject matter jurisdiction is granted on grounds of sovereign immunity, the court is left without power to render judgment on the merits of the case. *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1156–59 (5th Cir. 1981); *see also* C. Wright, *Federal Practice and Procedure*, § 1350 at 554 and n.89 (1969).