Joan M. MURRAY and Justin Murray, Plaintiffs,

v.

UNITED STATES of America and Gary O. Booth as the District Director for the Internal Revenue Service, Defendants.

Civ. No. A3–82–130.

United States District Court,
D. North Dakota,
Southeastern Division.

May 14, 1984.

Armond Erickson, Tenneson, Serkland, Lundberg, Erickson & Marcil, Fargo, N.D., for plaintiffs.

Rodney S. Webb, U.S. Atty., Fargo, N.D., Frank G. Gokey, Trial Atty., Tax Division, Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

BENSON, Chief Judge.

Plaintiffs filed this action seeking damages from the United States resulting from the failure of the Internal Revenue Service (IRS) to permit redemption of real proper-

ty, or in the alternative for an order directing and compelling the District Director of the IRS to convey certain real property to Plaintiffs. The United States filed a motion to dismiss. The court dismissed Plaintiffs' damage claims (Plaintiffs' first and second causes of action) for lack of subject matter jurisdiction but reserved ruling on Plaintiffs' claim for non-monetary relief (Plaintiffs' third cause of action).

Plaintiffs' claim for non-monetary relief seeks an order from this court pursuant to 28 U.S.C. § 1361 compelling the United States to set aside all deeds it has given to the property previously owned by Fireside, Inc., and to convey the property to them. As stated in the court's December 29, 1983 order, the plaintiffs claim to hold valid mortgages to the property previously owned by Fireside, Inc. The Fireside property was seized by the IRS in April 1979 for nonpayment of taxes and sold to the United States at a tax auction for the amount of the statutory calculated bid. The Plaintiffs allege they hold a valid mortgage on the property. In August and December 1979 Plaintiffs attempted to redeem it under 26 U.S.C. § 6337, by mailing letters to the IRS with checks enclosed. On both occasions, IRS refused to permit the redemption and returned the checks. In February 1980 the IRS sold its interest in the property to Casselton State Bank, a prior mortgagee. Plaintiffs claim that IRS, by refusing to convey to them, failed to comply with the requirements of the redemption statutes. They seek to have this alleged noncompliance reviewed by the court under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*

■ Section 702 of Title 5, United States Code, is not a grant of jurisdiction. *See Califano v. Sanders,* 430 U.S. 99, 107, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977). It does provide, that sovereign immunity will not be a defense in an action against the United States if jurisdiction otherwise exists. 5 U.S.C. § 702.

It is the opinion of the court that jurisdiction exists to adjudicate Plaintiffs' claim for non-monetary relief. However, for the reasons more fully stated below, the relief which Plaintiffs seek can not be provided under section 1361.

In ruling that this court lacked jurisdiction over the claims of James A. Murray, the court of appeals held that "[t]he existence of federal question jurisdiction ... does not remove the barrier of sovereign immunity urged by the government against proceeding with this suit." *Murray v. United States,* 686 F.2d 1320, 1325 (8th Cir.1982) (citations omitted), *cert. denied,* 459 U.S. 1147, 103 S.Ct. 788, 74 L.Ed.2d 994 (1983). Plaintiff in that lawsuit, however, did not allege the Administrative Procedure Act to support jurisdiction.

■ It is clear Plaintiffs' claim arises under 26 U.S.C. § 6337 and the due process clause of the United States Constitution. 28 U.S.C. § 1331 thus affords a jurisdictional basis. If this is an action against the IRS to which it has not consented, it must be dismissed on the basis of sovereign immunity.

■ This suit is against the United States. The complaint names it as a defendant. Even if the complaint named only the District Director of the Internal Revenue Service, the suit would still have been against the United States. As stated by the United States Supreme Court in *Dugan v. Rank,* 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963), "a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' ... or if the effect of the judgment would be 'to restrain the Government from acting, or compel it to act'." *Id.* at 620, 83 S.Ct. at 1006 (citations omitted). Additionally, the two judicially recognized exceptions to this rule are inapplicable here, those being actions by an officer beyond his statutory defined powers, or where the powers or the manner of their execution are unconstitutional. *See Larson v. Domestic & Foreign Corp.,* 337 U.S. 682, 689–91, 69 S.Ct. 1457, 1461–62, 93 L.Ed. 1628 (1949). Even if the IRS official acted arbitrarily or capriciously in not al-

lowing the Murrays to redeem, the action would not lie beyond his power. *Id.* at 695, 69 S.Ct. at 1464. *See also B.K. Instrument, Inc. v. United States,* 715 F.2d 713, 724 (2d Cir.1983).

■ In considering whether the government has consented to being sued, it should be noted that 28 U.S.C. § 1331 is not a general waiver of immunity. *See Murray v. United States,* 686 F.2d at 1325; *Beale v. Blount,* 461 F.2d 1133, 1138 (5th Cir. 1972). However, as numerous courts have held, the 1976 amendment to § 702 of the Administrative Procedure Act does constitute such a waiver. *See e.g. B.K. Instrument, Inc. v. United States,* 715 F.2d 713, 725 (2d Cir.1983); *Food Town Stores, Inc. v. E.E.O.C.,* 708 F.2d 920; *Warin v. Director, Department of Treasury,* 672 F.2d 590, 591–92 (6th Cir.1982) (per curiam); *Beller v. Middendorf,* 632 F.2d 788, 796–97 (9th Cir.1980), *cert. denied,* 452 U.S. 905, 101 S.Ct. 3030, 69 L.Ed.2d 405 (1981); *Sheehan v. Army & Air Force Exchange Service,* 619 F.2d 1132, 1139 (5th Cir.1980), *rev'd on other grounds,* 456 U.S. 728, 102 S.Ct. 2118, 72 L.Ed.2d 520 (1982); *Jaffee v. United States,* 592 F.2d 712, 718–19 (3rd Cir.), *cert. denied,* 441 U.S. 961, 99 S.Ct. 2406, 60 L.Ed.2d 1066 (1979).

Section 702 of Title 5, United States Code provides:

Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants a consent to suit expressly or impliedly forbids the relief which is sought.

The court must therefore determine whether this action falls within the scope of amended § 702.

■ Defendants argue that jurisdiction for non-monetary relief in federal tax cases is specifically withdrawn by 26 U.S.C. § 7421 and 28 U.S.C. § 2201. Section 7421, Title 26 of the United States Code, provides "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." The purpose of this lawsuit is not to restrain the assessment or collection of a tax. In the case of the Fireside, Inc. property, the tax has been paid, through the sale of the property to the IRS and subsequently to the bank. Plaintiffs by way of this lawsuit seek a conveyance of the property to them. By attempting to redeem the property and tendering a check to the IRS the plaintiffs were offering to pay the tax, not seeking to restrain it. Therefore 26 U.S.C. § 7421 does not divest the court of jurisdiction in this case. *See generally Bob Jones University v. Simon,* 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974); *Alexander (Commissioner) v. "Americans United" Inc.,* 416 U.S. 752, 94 S.Ct. 2053, 40 L.Ed.2d 518 (1974).

■ Additionally, 28 U.S.C. § 2201 is not applicable in this case. Section 2201 provides:

In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1954 or a proceeding under section 505 or 1146 of title 11, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

Courts that have interpreted this statute with respect to federal tax cases have held that the statute's federal tax case exemption applies only in cases involving the imposition of a tax. *See, e.g., Eastern Kentucky Welfare Rights Organization v. Simon,* 506 F.2d 1278 (D.C.Cir.1974), vacated on other grounds, 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976); *Bullock v. Latham,* 306 F.2d 45 (2d Cir.1962). As stated by the Second Circuit Court of Ap-

peals in *Bullock,* "[the] exception sufficiently serves its purpose if limited to controversies involving tax liabilities of parties *qua* taxpayers and if not construed as foreclosing declaratory judgment relief to persons claiming an interest in property levied upon to satisfy the tax obligations of another." *Bullock v. Latham,* 306 F.2d at 48. In the instant case Plaintiffs are not questioning the validity of the IRS tax levy or the sale of the property but seek through mandamus a review of the decision by the IRS that they did not hold a valid mortgage to the Fireside, Inc. property. The court holds that section 2201 does not divest the court of jurisdiction.

Plaintiffs' third cause of action seeks a court order pursuant to the federal mandamus statute, 28 U.S.C. § 1361. As noted by the Eighth Circuit in the earlier *Murray* case, "it is debatable whether 28 U.S.C. § 1361 constitutes a waiver of sovereign immunity." *Murray v. United States,* 686 F.2d at 1325 (footnotes and citations omitted). Even if the mandamus statute together with section 702 are interpreted as constituting a waiver of sovereign immunity, *see Hill v. United States,* 571 F.2d 1098, 1102 (9th Cir.1978), mandamus relief is not appropriate in this action. "The appropriateness of mandamus relief turns on the existence of a clear right in the plaintiff to demand the performance by the defendant of a plainly defined, peremptory, and ministerial duty, and the lack of an adequate remedy other than mandamus." *Vishnevsky v. United States,* 581 F.2d 1249, 1253 (7th Cir.1978). If there is a clear ministerial duty of the district director to permit the plaintiffs to redeem the property, they obviously have the right to demand performance of that duty.

Section 6337, Title 26 of the United States Code mandates that "the owner of any real property sold as provided in section 6335, their heirs, executors, or administrators, or any person having an interest therein, or a lien thereon ..." be permitted to redeem the property within 120 days of sale. 26 U.S.C. § 6337. A determination must be made by the District Director, or his agent, whether the person who is attempting to redeem is in fact a person entitled under the statute to redeem.

 This case arose because the District Director determined Plaintiffs did not have a valid interest in the property. Whether Plaintiffs did in fact have a valid interest is a justiciable question. It cannot be resolved through mandamus because it was not a right in the Plaintiffs sufficiently clear to support a demand that IRS Director Booth perform a ministerial duty. The determination by Booth that the mortgage was not valid was a discretionary determination. Plaintiffs now are not seeking the benefit of that determination, they are attacking it. Mandamus is not available for that purpose. *See Vishnevsky v. United States,* 581 F.2d at 1254 (7th Cir.1978).

**IT IS ORDERED** judgment be entered dismissing Plaintiffs' complaint for failure to state a claim upon which relief can be granted.