**UNITED STATES of America, Plaintiff,**

v.

**RAYTOWN LAWNMOWER CO., et al., Defendants.**

**No. 90–0965–CV–W–3.**

United States District Court,
W.D. Missouri, W.D.

May 2, 1991.

Jean Paul Bradshaw, II, U.S. Attorney's Office, Kansas City, Mo., Kimberly Forseth, U.S. Dept. of Justice, Office of Special Litigation, Carolyn Jones, U.S. Dept. of Justice, Office of Special Litigation, Tax Div., Washington, D.C., for plaintiff.

Edward J. Essay, Jr., Kansas City, Mo., for defendants.

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

ELMO B. HUNTER, Senior District Judge.

The United States brought this suit seeking to reduce to judgment tax assessments against defendants Raytown Lawnmower Co., Greenlawn Fertilizer, Inc., and Louis E. Mattoon and to foreclose upon certain property in which they or the other defendants have an interest. Louis Mattoon and L. Mattoon Development Company (hereinafter "the Company") have attempted to assert eight counterclaims against the United States based on the conduct of the Internal Revenue Service; an IRS agent, Rick Donnelson; and Donnelson's superiors, who have not been named.[1] Plaintiff has moved to dismiss the counterclaims for lack of subject matter jurisdiction, contending that all of the counterclaims are barred by the doctrine of sovereign immunity.

After obtaining a writ of entry from this Court, Donnelson, acting on behalf of the IRS, confiscated property from premises in Raytown, Missouri, which the defendants maintain are "owned and utilized" by the Company, although there are no tax assessments against the Company, or at least none are sought to be reduced to judgment in the present action. Based on this confiscation of property, Mattoon and the Company have counterclaimed for conversion of property (Count I); for prima facie tort (Count II); for the tort of outrage (Count III); for money received (Count IV); for libel and slander (Count V); for misrepresentation to the Court (Count VI); for violation of public policy (Count VII); and for payment of attorney's fees (Count VIII).

Congress has not waived its sovereign immunity with respect to six of defendants' eight counterclaims, so they must be dismissed for lack of subject matter jurisdiction. The claim for attorney's fees fails to state a claim upon which relief can be granted, and it must therefore be dismissed also. Only defendants' claim based on the so-called Taxpayer's Bill of Rights (Count VII) survives the present motion.

Counts I and IV

It is well-settled that the United States is a sovereign and may not be sued without its consent. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980). A suit instituted against the United States must be dismissed unless Congress has clearly waived its sovereign immunity. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). With respect to their claims for conversion and

---

1. Plaintiff suggests that the counterclaims, which name the IRS, Donnelson and his supervisors, purport to be claims against the individuals in their individual capacities. Because they are designated as counterclaims, however, they must be claims against the United States. Nothing in the record suggests that defendants meant the counterclaims to be claims against Donnelson and his superiors, and they have not attempted to name Donnelson or his superiors as third party defendants.

money received (Counts I and IV), defendants have invoked 28 U.S.C. § 1346(e) [2] and 26 U.S.C. § 7426 as the bases for jurisdiction. Section 7426 creates a civil action for persons who claim an interest in property wrongfully levied upon, and 28 U.S.C. § 1346(e) confers on the district courts original jurisdiction over those claims. However, the taxpayer "against whom is assessed the tax out of which such levy arose" lacks standing to assert any claim under section 7426. *Murray v. United States*, 686 F.2d 1320, 1325 n. 10 (8th Cir. 1982). Clearly, defendant Mattoon is "the person against whom is assessed the tax out of which such levy arose," and therefore lacks standing to assert a claim under section 7426. The Company, on the other hand, has not stated a claim for wrongful levy. Therefore, although jurisdiction would lie for a wrongful levy claim by the Company, the state common law claims it has asserted in Counts I and IV do not fall within the Court's jurisdiction.

■ Next, defendants have invoked 28 U.S.C. § 1346(a)(1) as the basis for jurisdiction over Counts I and IV. Section 1346(a)(1) vests original jurisdiction in the district courts to hear tax refund suits.[3] Only a taxpayer from whom the tax was allegedly wrongfully collected, however, has standing to sue under section 1346(a)(1). *Murray*, 686 F.2d at 1325, n. 8. Therefore, even if these were tax refund claims—which they do not purport to be— the Company would lack standing to assert them. *Because* they are not tax refund claims, section 1346(a)(1) does not create jurisdiction to hear them.

Third, defendants assert that 28 U.S.C. § 1346(c) confers jurisdiction on the Court to entertain Counts I and IV. Subsection (c) provides:

> The jurisdiction conferred by this section includes jurisdiction of any set-off, counterclaim, or other claim or demand whatever *on the part of the United States against any plaintiff commencing an action under this section.*

It is patently absurd to argue that subsection (c) confers jurisdiction on the district courts to entertain claims brought by any person or entity other than the United States.

Counts II, III, V and VI

■ A tort action may be maintained against the United States if the action comes within the waiver of sovereign immunity found in the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (hereinafter the FTCA). *Butz v. Economou*, 438 U.S. 478, 504–05, 98 S.Ct. 2894, 2909–10, 57 L.Ed.2d 895 (1978). The FTCA grants jurisdiction to the district courts and waives the immunity of the United States with respect to suits alleging injury or loss of property through the negligent or wrongful act or omission of a United States employee. "The waiver provided by section 1346(b) is limited, however, by a number of exceptions set forth in 28 U.S.C. § 2680." *Murray*, 686 F.2d at 1323. Section 2680(c) of the FTCA provides that the Act does not apply to any claim "arising in respect of the assessment or collection of any tax." This exception has been broadly construed to "insulate the IRS from tort liability stemming from *any* of its revenue-raising activities." *Capozzoli v. Tracey*, 663 F.2d 654, 657 (5th Cir.1981). Defendants' counterclaims for prima facie tort, outrageous conduct, libel and slander [4] and misrepre-

---

**2.** Subsection (e) provides:
The district courts shall have original jurisdiction of any civil action against the United States provided in section 6226, 6228(a), 7426, or 7428 ... or section 7429 of the Internal Revenue Code of 1954.

**3.** In order for defendant Mattoon to bring a tax refund suit, he would first have to *pay* the tax assessed. In a refund suit, the taxpayer's tax liability would be adjudicated, and if the tax assessed and paid is found to be excessive, then the taxpayer would be entitled to a refund. In

the converse situation when—as here—the IRS is forced to bring suit against a taxpayer who disputes his liability and refuses to pay the assessment, the purpose of the suit is also to adjudicate the taxpayer's tax liability. However, because the taxpayer has not paid any tax, he has no claim for a refund.

**4.** The claims for libel and slander are indisputably barred by 28 U.S.C. § 2680(h). That section provides:

sentation to the Court (Counts II, III, V and VI, respectively) arise "in respect of the assessment and collection" of taxes. Accordingly, section 1346(b) does not abrogate the sovereign immunity bar to those claims, and they must be dismissed.

Count VII

■ Defendants have entitled Count VII "Public Policy." Defendants have stated a claim under 26 U.S.C. § 7433(a) by alleging that "Congress enacted the Taxpayer's Bill of Rights to protect an American Citizen from the type of activity engaged in by the Plaintiff. As part of said Bill of Rights, the taxpayer is guaranteed against unreasonable search and seizure, and the taking of his property without due process of law." Defendants' Counterclaim Count VII ¶¶ 35–36.

Plaintiff has moved to dismiss this claim on the grounds that the defendants have failed to exhaust administrative remedies in accordance with 26 U.S.C. § 7433(d)(1). Defendants counter that 28 U.S.C. § 2675(a) excuses the failure to exhaust. Section 2675(a) also requires exhaustion of administrative remedies, but further provides that the exhaustion requirement does "not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim." Plaintiff's response is that section 2675(a) excuses the exhaustion of compulsory counterclaims only and that the section 7433(a) claim is not compulsory in nature.

A counterclaim is compulsory if it arises "out of the transaction or occurrence that is the subject matter of the [plaintiff's] claim." Fed.R.Civ.P. 13(a). "Transaction" is " 'a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immedi-

The provisions of this chapter and section 1346(b) of this title shall not apply to—
\* \* \* \* \* \*
(h) Any claim arising out of ... libel [or] slander....

**5.** Section 1346(a)(2) provides:

ateness of their connection as upon their *logical relationship.'* " *Tullos v. Parks*, 915 F.2d 1192, 1195 (8th Cir.1990) (quoting *Moore v. New York Cotton Exch.*, 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750 (1926)).

Defendant Mattoon's failure to pay the assessed tax is the reason that the government has instituted this lawsuit and the reason that it allegedly engaged in unauthorized collection practices which are the basis of defendants' section 7433(a) claim. There is a logical relationship between the two claims, so it is fair to say that defendants' section 7433(a) claim arose out of the same transaction as plaintiff's; defendants' claim is therefore a compulsory counterclaim. Regardless of whether the government is correct that the section 2675(a) waiver of the exhaustion requirement applies only to compulsory counterclaims, *see United States v. Chatham*, 415 F.Supp. 1214, 1216 (N.D.Ga.1976) (the exhaustion waiver of section 2675(a) applies "only when the counterclaim sought to be asserted against the Government is 'compulsory,' within the meaning of Rule 13(a)"), defendants' section 7433(a) claim is an unexhausted compulsory counterclaim permitted under section 2675(a) over which this Court has jurisdiction under 28 U.S.C. § 1346(a)(2).[5]

Count VIII

The claim for attorney's fees (Count VIII) is not a separate cause of action. While attorney's fees may, under some circumstances, constitute a recoverable element of damages, it is not an independent cause of action. Accordingly, it will be dismissed for failure to state a claim upon which relief can be granted in accordance with Fed.R.Civ.P. 12(b)(6).

Accordingly, it is hereby

(a) The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of:
\* \* \* \* \* \*
(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount founded either upon the Constitution, or any Act of Congress.

ORDERED that Louis Mattoon's and L. Mattoon Development Company's counterclaims Counts I through VI are DISMISSED for lack of subject matter jurisdiction.[6] It is further

ORDERED that Count VIII is dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. It is further

ORDERED that the motion to dismiss is DENIED with respect to Count VII. If the United States wishes to pursue the motion to dismiss with respect to Count VII and L. Mattoon Development Company on the grounds that the Company has no standing to assert the claim, it shall file suggestions in support of the motion within twenty (20) days of the date of this Order. Defendant L. Mattoon Development Company shall then have the usual twelve days to respond to the motion. The United States shall then have twelve days in which to reply to the Company's response.

IT IS SO ORDERED.

---

**6.** With the exception of Count VII, neither defendants' counterclaims nor their response to the Court's Order are "well grounded in fact" nor are they "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law," as required by Rule 11. After reading the counterclaims and the response to the Court's Order, it is questionable that defendant's counsel even read the statutes which he cited. In addition, counsel failed to cite even a single case in support of any of his arguments in his 11–page response. That is not surprising, however, since all of the caselaw bearing on the issues raised by the United States' motion to dismiss is dispositive of defendants' claims, except for Count VII. Even granting the most generous reading of the defendants' response, it cannot be seriously maintained that defendants have made a good faith argument for the reversal of existing law.

The Company probably has a claim for wrongful levy which it may, if it chooses, add by way of amendment to its pleadings. It is theoretically possible that defendant Mattoon could have a tax refund claim, jurisdiction for which would lie under 28 U.S.C. § 1346(a)(1); however, it is not clear whether there is any factual basis upon which such a claim could be asserted within the bounds of Fed.R.Civ.P. 11. Mattoon should be careful not to attempt to assert such a claim unless there is some arguable basis in fact and law that he has paid taxes in excess of his actual tax liability.