# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3443

_____

Martin H. Tonn,                     *

                             *

       Appellant,          *   On Appeal from the United States

                             *   District Court for the

   v.                      *   District of Minnesota.

                             *

United States of America,     *   [Not to be published]

                             *

       Appellee.           *

_____

Submitted:  March 28, 2000
Filed:  April 4, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Martin H. Tonn appeals the District Court's[1] dismissal of his complaint without prejudice for lack of subject matter jurisdiction. We affirm.

Asserting numerous jurisdictional bases, Tonn commenced this action for damages against the United States. Tonn alleged that certain Internal Revenue Service (IRS) employees committed fraud, made misrepresentations, and maliciously prosecuted him while collecting the federal withholding taxes of Interstate Energy

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

Enterprises, Inc. (IEEI), a corporation in which Tonn was a shareholder; that they violated his due process rights; and that their collection efforts against IEEI contributed to the death of his friend. Tonn had previously filed three similar actions, the last of which was Tonn v. United States, Civ. No. 97-1132 (D. Minn. Sept. 10, 1998) (Tonn III). The allegations and asserted jurisdictional bases were the same in Tonn III as in this case, except that here he cited 28 U.S.C. § 1346(a)(1) rather than section 1346(b). The District Court[2] dismissed the complaint in Tonn III, without prejudice, for lack of subject matter jurisdiction because the United States had not waived sovereign immunity as to Tonn's claims; Tonn did not appeal. The District Court in this case determined that the prior dismissal had res judicata effect on the issue of jurisdiction.

We review de novo a dismissal on res judicata grounds. See NAACP v. Metropolitan Council, 125 F.3d 1171, 1174 (8th Cir. 1997), vacated on other grounds, 118 S. Ct. 1162, and reinstated, 144 F.3d 1168, cert. denied, 119 S. Ct. 73 (1998). As to the identical asserted bases for jurisdiction, we conclude the District Court properly determined that res judicata barred this action. See Durfee v. Duke, 375 U.S. 106, 113 (1963) (res judicata principles apply to questions of personal and subject matter jurisdiction as well as to other issues). With respect to section 1346(a)(1), which provides for civil actions to recover taxes erroneously or illegally assessed or collected, a prerequisite to the filing of a refund action is the timely filing with the IRS of an administrative claim for refund within the period of limitations for filing a claim. See 26 U.S.C. §7422(a) ("No [refund] suit shall be maintained . . . until a claim for refund . . . has been duly filed with the [IRS]."); Chernin v. United States, 149 F.3d 805, 813 (8th Cir. 1998) (filing claim for refund is jurisdictional requirement that cannot be waived). The parties did not present any evidence that Tonn filed a claim for refund, and Tonn asserts on appeal that he is not the taxpayer. See Murray v. United States, 686 F.2d 1320, 1325 n.8 (8th Cir. 1982) (only taxpayer from whom tax was allegedly

---

[2]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

wrongfully collected has standing under §1346(a)(1)), <u>cert. denied</u>, 459 U.S. 1147 (1983).  Therefore, we conclude that section 1346(a)(1) did not confer on the District Court subject matter jurisdiction over this action.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.