LAMAR, Justice,
concurring in part and dissenting in part:
¶ 34. I agree with the majority that BCR can maintain its statutory action, but I find that BCR’s negligence claims are barred by the Mississippi Tort Claims ACT (MTCA).
¶35. The MTCA bars negligence actions against governmental entities and their employees (acting within the course and scope of their employment) for any claim “arising out of the assessment or collection of any tax or fee.” Miss.Code Ann. § 11 — 46—9(l)(i) (Rev. 2012). “Arising out of’ is exceptionally broad language, which I interpret to include claims which *277 occur as a result of the assessment or collection of taxes. The majority finds that the act of filing the tax list is “attenuated from the assessment and collection of taxes,” and that the “purpose behind the duty to file the tax sale list is to provide notice.” While those two statements might very well be true, the simple fact is that the tax assessor would not have been performing any post-sale duties if not for his duty to assess and collect taxes against the property at issue in the first place. Stated differently, BCR’s negligence claims here “arise out of’ the assessment or collection of a tax, and I would find that they cannot maintain their negligence claims.
¶ 86. In Murray v. U.S., 686 F.2d 1320 (8th Cir.1982), the United States Court of Appeals for the Eighth Circuit rejected a narrow construction of the federal tax-assessment exception:[2]
Appellant proposes a narrow construction of the exception, arguing that tax collection efforts were complete when the property was conveyed to the United States at the tax sale for the statutorily calculated minimum bid. He points out that he has not challenged as improper the IRS’s assessment of taxes against the Fireside, Inc. He thus urges the conclusion that this lawsuit arises from rights which postdate the government’s collection efforts. Allegedly, his legal action will not interfere with these efforts.
We [cannot] agree that appellant’s claim arises outside of “the assessment or collection of taxes” for purposes of the exception to FTCA jurisdiction. When at a tax sale property is adjudicated to the government at the statutory minimum price, see 26 U.S.C. 6835(e)(1), the government in effect becomes the purchaser subject to the statutory right of redemption. 26 U.S.C. 6337(b)(1). Capital Savings Association v. Runnels, 361 So.2d 458, 462 (La.Ct.App.1978). The right of redemption arises only in connection with the tax levy, and is an integral facet of such a levy. A claim founded on redemption rights is clearly a claim “arising in respect of the collection of a tax” within the meaning of Section 2680(c).
Murray, 686 F.2d at 1323-24. I would apply the same rationale here — BCR alleges that the tax assessor was negligent in her post-tax-sale duties, but even actions that occur post-sale clearly have their origin in or “arise out of’ the initial tax assessment and/or collection.' I therefore concur with the majority that BCR may proceed on its statutory claim, but I would find its negligence claims barred by the MTCA.
PIERCE AND COLEMAN, JJ„ JOIN THIS OPINION.

. The federal tax-assessment exception contains language virtually identical to Mississippi’s: "Any claim arising in respect of the assessment or collection of any tax or customs duty....” 28 U.S.C. § 2680(c) (2012).