Gertrude Welch MORRIS, Plaintiff, Appellant,

v.

UNITED STATES of America, Defendant, Appellee.

Verna D. MORRIS, Plaintiff, Appellant,

v.

UNITED STATES of America, Defendant, Appellee.

Henry Carl MORRIS et al., Plaintiffs, Appellants,

v.

UNITED STATES of America, Defendant, Appellee.

Nos. 5936–5938.

United States Court of Appeals First Circuit.

May 31, 1962.

**534**

Francis W. McCauley, Detroit, Mich., with whom Hugh J. Corcoran, Springfield, Mass., McCauley & Anderson, Detroit, Mich., and Ely, King, Kingsbury & Corcoran, Springfield, Mass., were on the brief, for appellants.

Richard J. Heiman, Attorney, Department of Justice, with whom Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and Joseph Kovner, Attorneys, Department of Justice, W. Arthur Garrity, Jr., U. S. Atty., and Joseph F. Gargan, Asst. U. S. Atty., were on the brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

Now deceased taxpayer, a resident of Michigan, was insured under several policies of life insurance issued by Massachusetts Mutual Insurance Co., a Massachusetts corporation. By a divorce decree he was required to maintain one policy in force for the benefit of his former wife, but with the right to borrow against it. His other policies named his mother and sons, respectively, as revocable beneficiaries. Taxpayer assigned all of these policies to a Michigan bank to secure a loan. Subsequently the local district director of Internal Revenue filed tax liens against taxpayer. When the bank learned of this it made certain demands upon taxpayer, as a result of which he obtained maximum policy loans from the company, which allegedly had no notice of the liens. With the proceeds he made required premium payments and discharged the bank loan. Thereafter the policies were maintained in force by automatic premium loans until notices of liens and levy were served upon the company. Following taxpayer's death, which occurred shortly afterwards, the beneficiaries made demand upon the insurance company. The divorced wife sought the net proceeds of her policy. The others requested the net proceeds of their policies less the cash surrender value at the date of death. Cf. United States v. Bess, 1958, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135. The company replied that since the levy exceeded the total net proceeds it could make no payment. The beneficiaries then requested the government to recognize their claims and after the gov-

ernment failed to take action brought the present three suits against it as sole defendant. Jurisdiction was asserted under 28 U.S.C. § 2463.[1] On the government's motions to dismiss, the district court agreed that it lacked jurisdiction and held, in addition, that the complaints attempted to secure declaratory judgments in violation of 28 U.S.C. § 2201. Plaintiffs appeal.

■ It seems to us that plaintiffs have chosen to approach this matter in the most difficult manner. Their legal claim is against the insurance company, but they have not sued it. Their asserted reason is that "no dispute" exists between them. However, in the company's absence how is this to be determined? Plaintiffs liken their suit to an action to quiet title. Even without considering the possible issue of premium payments in fraud of creditors, in no sense is the title fully before the court in the absence of the debtor on whom the levy was made. In plaintiffs' case of Seattle Ass'n of Credit Men v. United States, 9 Cir., 1957, 240 F.2d 906, the plaintiff, as an assignee for the benefit of taxpayer's creditors, was levied upon for taxpayer's unpaid taxes. The court held that section 2463 conferred jurisdiction for its suit to quiet title, and that 28 U.S.C. § 2410(a), while admittedly not jurisdictional, constituted the government's consent. But there plaintiff was the party in actual possession.[2]

Furthermore, any consideration of Seattle Ass'n must be subject to New Hampshire Fire Ins. Co. v. Scanlon, 1960, 362 U.S. 404, 80 S.Ct. 843, 4 L.Ed.2d 826. There the government served notices of levy upon the City of New York, an alleged debtor of a delinquent taxpay-

er. The plaintiff, claiming that as a surety its claim against the city was paramount, brought a summary proceeding against the district director, the city and the taxpayer to quash the notices of levy. The district court's dismissal was, in due course, affirmed by the Supreme Court. Plaintiffs point out that that court, agreeing with the district court that a plenary suit might readily have been brought, emphasized an antipathy to summary actions, and that they have brought plenary suits. They overlook, however, the fact that the district court did not suggest a plenary suit against the government, but, as the Supreme Court pointed out, "for recovery on the indebtedness."

■ Plaintiffs also overlook the other aspects of the Scanlon decision. The Supreme Court discussed the history of section 2463 as being specially concerned with curbing state claims. We believe the opinion strongly indicated, in the light of this history, that the statute did not place levied property in the custody of the federal courts for general adjudicatory purposes, whether summary or otherwise. It is true that the court made no mention of a line of lower court cases, commencing with Long v. Rasmussen, D.C.Mont., 1922, 281 F. 236, seemingly contra. However, we have no reason to suppose that its remarks were inadvertent.

The district court correctly dismissed the complaints. Nothing that we have said here is to be taken as adjudicating what other remedies plaintiffs may pursue. We merely determine they may not have this one.

Judgments will be entered affirming the judgment of the District Court.

1. 28 U.S.C. § 2463. "All property taken or detained under any revenue law of the United States shall not be replevied, but shall be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof."

2. It is true that some of the funds were in the custody of a bank. The court did not discuss that distinction. We do not think even this corresponded with plaintiffs' claims against the insurance company here. It is one thing to quiet title to assets temporarily entrusted to a bank. It is another, to funds one has never realized.