Donald W. SHAW and Louise Shaw, Plaintiffs,

v.

Alma Jane RIPPEL, also known as Alma Jane Rogers, Robert G. Rogers, Richard Johnson, United States of America, and Lynn Rippel, husband of Alma Jane Rippel, Defendants.

Civ. No. 5191.

United States District Court
E. D. Illinois.

Oct. 18, 1963.

Hart & Hart, Benton, Ill., for plaintiff.

Carl W. Feickert, East St. Louis, Ill., for the United States Govt.

Fellheimer & Vicars, Pontiac, Ill., for defendant Rippel.

Hill & Hill, Benton, Ill., for defendant Johnson.

William G. Clark, Atty. Gen., State of Ill., for Dept. of Revenue of the State of Ill. and Dept. of Labor of the State of Ill.

JUERGENS, District Judge.

This is a complaint for specific performance of a contract to convey real estate, entered into between plaintiffs and

defendant Alma Jane Rogers, removed here from the Circuit Court of Franklin County, Illinois by the United States of America pursuant to Section 1444, Title 28 U.S.C.A.

The complaint alleges that on or about the 29th day of July, 1962, plaintiffs entered into a written agreement to purchase from defendant Alma Jane Rogers certain described real estate for $8,000.00 and that Alma Jane Rogers agreed to convey the real estate by good and sufficient warranty deed; that the plaintiffs have performed all the terms and conditions of the contract on their part to be performed as required by the terms of the contract and at all times have been and still are ready, willing and able to perform the contract on their part; that defendant Alma Jane Rogers has not performed the terms and conditions of the contract on her part to be performed but has failed to do so; that Alma Jane Rogers furnished an abstract of title showing her ownership in the real estate, subject to a certain mortgage given by defendants Robert G. Rogers and Alma Jane Rogers on the 9th day of July, 1955, along with a certain promissory note to M. V. Higley, as Administrator of Veterans Affairs, an Officer of the United States of America, for a loan in the principal sum of $4,200.00 with interest at 4½% per annum on the unpaid balance; that certain judgments and liens appear on the records against the real estate, including the United States of America, the Department of Finance of the State of Illinois, the Director of Labor of the State of Illinois, the Department of Revenue of the State of Illinois and Richard Johnson. The complaint prays that the Court appoint a Master in Chancery to convey the real estate to the plaintiffs upon payment of the $8,000.00 and that he then be directed to distribute the $8,000.00 among the parties, after paying court costs, as the equities may appear, and for such further relief as the Court may deem equitable and proper.

The Department of Revenue of the State of Illinois and the Department of Labor of the State of Illinois by William G. Clark, Attorney General of the State of Illinois, their attorney, moved to intervene. In support of their motion movants assert that the representation of the petitioners' interest by existing parties in this cause will or may be prejudiced or bound by any order or decree entered in this action and that the petitioners are so situated as to be adversely affected by a distribution of the estate or proceeds from any sale of real estate which is the subject matter of this cause and which is subject to the control or distribution of this Court unless petitioners are permitted to intervene for the purpose of showing their right, title and interest in the real estate in question.

The proposed complaint of intervention is attached.

Rule 24 of the Federal Rules of Civil Procedure, Title 28 U.S.C.A., provides for intervention.

Rule 24 provides in pertinent parts as follows:

"(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or an officer thereof."

Considering the allegations contained in the original complaint and the motion for leave to intervene and the interveners' proposed complaint in intervention, the Court finds that the motion of the Department of Revenue of the State of Illinois and the Department of Labor of the State of Illinois should be allowed, since it appears that the interests of the applicants for intervention may not be properly protected unless they are permitted to intervene and the interests of the applicants may be adversely affected by a distribution or disposition

of the property which is the subject matter of this action.

The United States of America has filed its motion to dismiss as to it for the reason that this Court does not have jurisdiction over the United States in causes of this nature.

The original cause apparently founded jurisdiction over the United States of America under the provisions of Section 2410, Title 28 U.S.C.A.

Section 2410 provides that the United States may be named a party in any civil action or suit in any district court, or in any state court having jurisdiction of the subject matter, to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien.

 The United States as a sovereign is immune from suit except insofar as it has consented to be sued and such consent must be conservatively construed. By Section 2410 the United States has consented to be sued "to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien." This section reveals there are two requisites to be fulfilled before the sovereignty of the United States is waived; that is, a limited class of actions, namely, quiet title suits or foreclosures, together with a certain type of interest in the property on the part of the United States. Ansonia National Bank v. United States, U.S.D.C.D. Conn., 1956, 147 F.Supp. 864.

 The statute under consideration waives sovereign immunity of the United States only when there is involved a quiet title action or a mortgage foreclosure. Such is not the case here. Here the Court is confronted with a suit for specific performance of a contract to convey, which is distinguishable from a quiet title action or a foreclosure action, and although the Court is asked to construe the validity and to effect apportionment of the proceeds toward the settlement of certain claims and mortgages, yet the suit is neither a quiet title action nor a mortgage foreclosure and, accordingly, is not the basis for a suit under the provisions of Section 2410, Title 28. Nor do any other jurisdictional grounds appear. Accordingly, the motion of the United States to dismiss as to it will be allowed.