921 F.2d 278
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John C. BLEAVINS and Scherlyn K. Bleavins, Plaintiffs-Appellants,
v.
UNITED STATES of America, and Donald J. Weber, Defendants-Appellees.
 No. 90-1185.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 13, 1990.*
Decided Dec. 20, 1990.
 
 Before BAUER, Chief Circuit Judge, and FLAUM and MANION, Circuit Judge.
 
 ORDER
 
 1
 John C. and Scherlyn K. Bleavins appeal from an order of the district court holding that their action was barred by collateral estoppel and dismissing the amended complaint. We vacate and remand.
 
 I.
 
 2
 John Bleavins failed to filed federal income tax returns for the tax years 1981-1985 inclusive. Consequently, the Internal Revenue Service (IRS) assessed deficiencies against him. When John did not pay the deficiencies, the IRS placed federal tax liens on John's undivided one-half interest in certain real property that he and Scherlyn owned. The IRS then sold its interest in the real property at a public auction to defendant Donald J. Weber who received the undivided one-half interest in the property.
 
 
 3
 Weber then filed suit seeking a determination of the respective rights of the parties and partition. Appellants responded, alleging that the deed of conveyance to Weber from the District Director of the IRS was invalid because the IRS did not comply with various statutory and procedural requirements. The state court found that Weber's title was valid because appellants had offered no evidence to support their contention that the procedures the IRS followed were so procedurally defective as to make Weber's title voidable. The state court subsequently ordered that the property be sold and the proceeds distributed. The Appellate Court of Illinois affirmed.
 
 
 4
 While the partition action was pending, appellants filed a complaint in the district court, which they styled an action to "quiet title," alleging that the IRS's assessments were procedurally defective, that the IRS's lien on and sale of John's interest in the real property were procedurally defective, and that Weber did not have valid title. The complaint alleged that the district court had jurisdiction to decide the claims under 28 U.S.C. Secs. 1331, 1340, and 2463,[1] and that the Government had consented to be sued under 28 U.S.C. Secs. 2410 and 2463. In its answer, the Government asserted that it had not waived qualified immunity, but later filed a motion to dismiss in which it solely argued collateral estoppel. Weber also argued collateral estoppel in his motion to dismiss. The district court granted the motions of both defendants on the grounds of collateral estoppel. John and Scherlyn appeal from the order of dismissal.
 
 
 5
 Although the Government supports its claim of sovereign immunity with argument for the first time on appeal, we may address it as jurisdictional issues may be raised at any time. See Spartech Corp. v. Opper, 890 F.2d 949, 952 (7th Cir.1989). The United States may not be sued without its consent, which is a prerequisite to the federal courts' exercise of jurisdiction. See United States v. Mitchell, 463 U.S. 206, 212 (1983). The Government argues that the waiver of sovereign immunity provided in 28 U.S.C. Sec. 2410 does not encompass the appellants' action to "quiet title."
 
 Section 2410(a) provides:
 
 6
 Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any state court having jurisdiction of the subject matter--
 
 
 7
 (1) to quiet title to,
 
 
 8
 .............................................................
 
 
 9
 ...................
 
 
 10
 * * *
 
 
 11
 real or personal property on which the United States has or claims a mortgage or other lien.
 
 
 12
 28 U.S.C. Sec. 2410(a) (emphasis added). This section creates a limited waiver of immunity where a taxpayer challenges the procedural regularity of a lien so long as the taxpayer does not challenge the underlying tax assessment. See Pollack v. United States, 819 F.2d 144, 145 (6th Cir.1987); Rodriguez v. United States, 629 F.Supp. 333, 339 (N.D.Ill.1986). Appellants' amended complaint raises four alleged procedural irregularities and does not challenge the underlying tax liability.
 
 
 13
 Section 2410 does not save the day for appellants, however, because the government sold its undivided one-half interest in the property before appellants filed the action in district court to "quiet title." Consequently, it cannot be said that at the time appellants filed suit that the United States had or claimed a mortgage or other lien in the property. See Shaw v. Rippel, 224 F.Supp. 77, 79 (E.D.Ill.1963) (requisite to waiver of sovereign immunity under Sec. 2410 is that United States must have certain type of interest in property). Thus, on its face, section 2410 does not apply. Once the government sold its interest in the property, appellant's only recourse was to file an action for refund pursuant to 26 U.S.C. Sec. 7422. Because the Government has not consented to suit by waiving sovereign immunity, we conclude that this cause should be dismissed for lack of subject matter jurisdiction as to the United States.
 
 II.
 
 14
 As to defendant Weber, appellants have asserted no basis for jurisdiction over him either. Weber's sole connection to this case is that he bought the government's interest in the property. Weber is not responsible for the alleged procedural defects. If this suit were a proper vehicle to challenge the procedure the IRS followed, then the court might have ancillary jurisdiction over Weber since the judgment could affect his right to the property vis-a-vis the appellants; however, this is not the case. The case must be dismissed for lack of jurisdiction over the government; accordingly, it must be dismissed against Weber as well since the appellants assert no claim against him independent of those they assert against the government, and there is no independent basis for jurisdiction.
 
 III.
 
 15
 We vacate the order of the district court and remand with instructions that the district court dismiss the complaint for lack of jurisdiction.
 
 
 16
 VACATED and REMANDED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied, and the appeal is submitted on the briefs and record
 
 
 [1]
 Sovereign immunity can only be waived by statutes specifically providing that the United States may be sued. Sovereign immunity is not waived by the provision of general jurisdiction statutes such as 28 U.S.C. Sec. 1331, addressing federal question jurisdiction, see Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir.1983), cert. denied, 466 U.S. 958 (1984), and 28 U.S.C. Sec. 1340, addressing jurisdiction over actions arising under Acts of Congress providing for internal revenue, see Rodriguez v. United States, 629 F.Supp. 333, 337 (N.D.Ill.1986) (statutory grant of jurisdiction is not necessarily equivalent to waiver of sovereign immunity)
 Nor does 28 U.S.C. Sec. 2463 confer jurisdiction in this case. While section 2463 addressed jurisdiction vis-a-vis property taken or detained under the revenue laws, the statute does not does not place levied property in the custody of the federal courts for general adjudicatory purposes, nor does it confer jurisdiction on the federal courts to make any determination regarding property levied upon and seized by the IRS. See Morris v. United States, 303 F.2d 533, 535 (1st Cir.1962), cert. denied, 371 U.S. 827 (1962).