66 F.3d 306
 76 A.F.T.R.2d 95-6565
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Joseph E. SIMANONOK, Plaintiff, Appellant,
v.
UNITED STATES of America, et al., Defendants, Appellees.
 No. 94-2105.
 United States Court of Appeals, First Circuit.
 Sept. 13, 1995.
 
 Joseph E. Simanonok on brief pro se.
 Russell F. Hilliard, Kimberly Kirkland, Upton, Sanders & Smith, on brief for Northeast defendants.
 Loretta C. Argrett, Asst. Atty. Gen., Gary R. Allen, Kenneth L. Greene and Randolph L. Hutter, Attys., Tax Division, Dept. of Justice, brief for federal appellees.
 Before TORRUELLA, Chief Judge, CYR and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Joseph Simanonok appeals from the district court's dismissal of his complaint under Fed.R.Civ.P. 12(b)(1) and (6) and its denial of his motion to amend his complaint. We affirm.
 
 I. Background
 
 2
 Simanonok sued the Northeast Federal Credit Union (NEFCU) and one of its employees for alleged negligent compliance with Internal Revenue Service (IRS) levies on his bank account. He sued IRS employees for issuing the levies and for filing notices of lien on his property in New Hampshire, claiming that he had no obligation to pay federal income tax since the IRS could not tax or sanction members of the United States Armed Forces and that the IRS's levies and notices of lien were invalid. In part, he asserted that the IRS had levied on exempt property and had violated certain statutorily required procedures in assessing his tax.
 
 
 3
 Questioning the court's jurisdiction over Simanonok's suit, a magistrate judge ordered him to amend his complaint in specific ways to establish jurisdiction. Simanonok moved to vacate the order, and the magistrate judge treated his motion as an amended complaint. Subsequently, the magistrate judge denied a separate attempt by Simanonok to file an amended complaint. The district court denied Simanonok's motion to reconsider the denial. In response to defendants' Rule 12(b) motions, the magistrate judge recommended dismissing some counts of the complaint for lack of jurisdiction and others for failure to state a claim for relief. The district court issued orders dismissing the complaint.
 
 II. Discussion
 
 4
 A. District Court's Failure to Reject Magistrate Judge's Actions
 
 
 5
 Simanonok challenges the district court's adoption of the magistrate judge's reports recommending dismissal of the complaint and rejection of the amended complaint. According to Simanonok, the magistrate judge should have issued proposed findings of fact and held a hearing on the motions. Simanonok also asserts as error the failure of the court to obtain his consent to action by the magistrate judge.
 
 
 6
 We find no error in the proceedings below. The Federal Magistrates Act clearly permitted the district court to refer to the magistrate judge the Rule 12(b)(1) and (6) motions for a report and recommendation, see 28 U.S.C. Sec. 636(b)(1)(B), and the motion to amend for decision. See id. Sec. 636(b)(1)(A); Pagano v. Frank, 983 F.2d 343, 346 (1st Cir.1993). The magistrate judge was not required to hold a hearing on the Rule 12(b) motions, see Fed.R.Civ.P. 72(b); accord C. Wright, A. Miller & F. Elliott, 12 Federal Practice & Procedure Sec. 3076.7, at 56 (1995 Supp.), or to issue proposed findings of fact. See Fed.R.Civ.P. 72(b). Because the case was not referred to the magistrate judge for entry of final judgment, Simanonok's consent was not required. See 28 U.S.C. Sec. 636(c)(1)-(2).
 
 
 7
 Moreover, the district court did not abuse its discretion in denying Simanonok's motion to reconsider the denial of his amended complaint. Simanonok's motion to vacate the order to amend his complaint was treated as an amended complaint. Thus, as of the time Simanonok sought to file the amended complaint, he had already amended the complaint once as of right within the meaning of Fed.R.Civ.P. 15(a). See Elliott v. Foufas, 867 F.2d 877, 882 (5th Cir.1989). Nor did the amended complaint cure the jurisdictional deficiencies of the complaint, or allege any wrongdoing whatever by the persons Simanonok sought to add as parties to the amended complaint. Hence, denial was appropriate. See Long v. United States, 972 F.2d 1174, 1183 (10th Cir.1992).[1]
 
 
 8
 B. Dismissal for Lack of Subject Matter Jurisdiction
 
 
 9
 The district court dismissed certain counts of the complaint against the IRS defendants for lack of subject matter jurisdiction, construing those counts to seek a refund or to challenge Simanonok's underlying tax liability. A taxpayer who seeks a refund or who challenges his underlying tax liability must allege that he has paid his taxes in full and has filed an administrative refund claim before seeking relief in district court. See McMillen v. United States Department of Treasury, 960 F.2d 187, 188-89 (1st Cir.1991) (per curiam). Simanonok did not, and so the dismissal was correct to the extent that Simanonok sought a refund or challenged his underlying tax liability.
 
 
 10
 Simanonok has asserted various objections to the dismissal, none of which we find meritorious. His claim (and certain related claims) that the IRS had assessed taxes against him with respect to income paid to his former spouse directly challenges his underlying tax liability. Given his failure to allege that he had paid the tax in full or filed an administrative refund claim, the court had no jurisdiction over this claim. See id.[2] The same is true of his claim that the IRS had no jurisdiction over him since he is a member of the United States Armed Forces.
 
 
 11
 Although Simanonok also argues that 28 U.S.C. Sec. 1442a, the Federal Tax Lien Act of 1966 (together with the Uniform Commercial Code), and 5 U.S.C. Sec. 706 conferred jurisdiction on the court over his suit, those laws plainly did not do so. Moreover, long ago we rejected the claim that 28 U.S.C. Sec. 2463 confers jurisdiction on district courts with respect to suits involving property seized by levy. See Morris v. United States, 303 F.2d 533, 535 (1st Cir.1962), cert. denied, 371 U.S. 827 (1962).
 
 
 12
 Simanonok correctly asserts that 28 U.S.C. Sec. 1340, together with the waiver of sovereign immunity in 28 U.S.C. Sec. 2410, confers jurisdiction on district courts over "quiet title" suits alleging defects in IRS levies and liens. See, e.g., Harrell v. United States, 13 F.3d 232, 234-35 (7th Cir.1993). However, he fails to specify any claim of his which, under those statutes, should have survived the motion to dismiss for lack of jurisdiction. As a consequence, he has waived any error the district court may have made in that respect. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir.), cert. denied, 494 U.S. 1082 (1990) (claims are deemed waived if they are merely adverted to in a perfunctory fashion without any attempt at developed argumentation).
 
 
 13
 C. Dismissal for Failure to State a Claim For Relief
 
 
 14
 Simanonok argues that the court erred in dismissing certain counts of the complaint for failure to state a claim for relief. His argument that he stated a claim for relief against the NEFCU defendants is unpersuasive in view of the immunity accorded them under 26 U.S.C. Sec. 6332(e).[3] We also reject his arguments relative to the following claims: (1) that his bank account and retirement income were exempt from levy under 26 U.S.C. Sec. 6334(a)(10) and (d)(3); (2) that the IRS was required to file a notice of lien before it levied on his property; and (3) that the lien notices filed in New Hampshire failed to comply with 26 U.S.C. Sec. 6065 and N.H.Rev.Stat. Ann. Sec. 454-B:3 & B:4.
 
 
 15
 By failing to develop any argument whatever on the issue, Simanonok has waived his claim that his bank account and retirement income were exempt from levy. See Zannino, 895 F.2d at 17. His other two claims did not state a claim for relief. The Internal Revenue Code does not require the IRS to file notices of lien before it levies on property. See 26 U.S.C. Sec. 6331(a), (d)(1)-(2) (describing the prerequisites for levying on property). In addition, Sec. 6065's verification requirement applies only to documents which taxpayers send to the IRS. See In re White, 168 B.R. 825, 833 (D.Conn.1994), appeal dismissed, 95-1 U.S.T.C. (CCH) p 50,215 (D.Conn.1995). Hence, Sec. 6065 did not apply to the notices in question here. Moreover, even if New Hampshire law required IRS officials to certify or sign notices of lien, the form and content of IRS notices of lien are not subject to state law requirements. See 26 U.S.C. Sec. 6323(f)(3).
 
 III. Motion for Sanctions
 
 16
 In a separately filed motion, the IRS has requested sanctions of $2,000 in lieu of costs and attorney's fees, asserting that Simanonok's appeal was frivolous. See Fed. R.App. P. 38(a). In part, this appeal was frivolous. Simanonok claimed that his military status exempted him from federal income taxation, a claim which he knew was frivolous. Other courts have told him so, and he has been sanctioned for making it. He also should have known that his allegation that 28 U.S.C. Secs. 1442a and 2463, the Federal Tax Lien Act of 1966 (and the Uniform Commercial Code), and 5 U.S.C. Sec. 706 authorized the court's jurisdiction over his claims was not meritorious. Furthermore, he failed to develop obvious and possibly meritorious arguments on appeal, casting doubt on the sincerity with which he brought certain claims in the first place. Finally, he has not objected to the imposition of sanctions, e.g., on the ground that he cannot pay them.
 
 
 17
 However, we do not think that all of Simanonok's claims on appeal were frivolous, even though we found none of them to be persuasive. For example, Simanonok might reasonably have believed that the magistrate judge should have held a hearing or issued proposed findings of fact. The district court referred the Rule 12(b) motions to the magistrate judge under 28 U.S.C. Sec. 636(b)(1)(B), which states that "a judge may also designate a magistrate to conduct hearings [and] to submit to a judge of the court proposed findings of fact."
 
 
 18
 Since the appeal was frivolous in part, we order payment of double costs.
 
 
 19
 Affirmed; double costs.
 
 
 
 [1]
 Because other grounds in the record support the court's denial of Simanonok's motion to amend his complaint, we need not consider his claim that he properly served the defendants or was prevented from doing so or that the defendants had actual notice of the amended complaint. See Acha v. United States, 910 F.2d 28, 30 (1st Cir.1990)
 
 
 [2]
 In any event, this claim was never asserted in the complaint
 
 
 [3]
 The district court apparently asserted pendent jurisdiction over the state law claims against the NEFCU defendants